IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No.   1:19-MJ-843 (DJS) |
| | ) |
| v. | ) Stipulation and Order |
| | ) for Enlargement of Time |
| **JACOB DELANEY,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## STIPULATION

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, JACOB DELANEY, by and through counsel, Scott W. Iseman, Esq., hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and including sixty (60) days from the date of the order to April 20, 2020 and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1) The chronology of this case is as follows:

   a) Date of complaint:  December 12, 2019

   b) Date of initial appearance:  December 12, 2019

   c) Defendant custody status:  Released on Conditions

   d) Date United States moved for detention:  December 12, 2019

   e) Date of detention hearing:  December 13, 2019

   f) Date detention decision issued:  December 13, 2019

      g)      Earlier enlargements of time and exclusions under the Speedy Trial Act:

            i)      Order dated December 23, 2019 excluding the period between December 23, 2019 and February 21, 2020.

2)      The United States and the defendant request this exclusion based on the following facts and circumstances: This case involves electronic evidence. The forensic analysis of the defendant's devices has not been completed. Additional time will allow for the completion of that analysis, and allow for the parties to then review the results prior to discussing a potential resolution in this case. Once the analysis is received and reviewed, the parties will need additional time to discuss a potential resolution, which may avoid the unnecessary use of time of the grand jury, and if those negotiations fail, time to prepare for indictment taking into account the exercise of due diligence.

3)      The parties stipulate and agree that the ends of justice served by granting this extension outweigh the best interest of the public and the defendant in a speedy indictment and trial because the delay in the filing of an indictment was caused because the arrest occurred at a time such that it is unreasonable to expect return and filing of an indictment within the period specified in section 3161(b), taking into account the exercise of due diligence (see 18 U.S.C. § 3161(h)(7)(B)(iii)).

4)      The parties stipulate and agree that the time period from the date of this stipulation, to and including April 20, 2020, shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iii).

//

//

//

//

//

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: February 20, 2020                    GRANT C. JAQUITH
                                            United States Attorney

                          By:    *s/ Alicia G. Suarez*
                                 Alicia G. Suarez
                                 Assistant United States Attorney
                                 Bar Roll No. 700218

                                 Scott W. Iseman, Esq., Esq.
                                 Attorney for JACOB DELANEY
                                 Bar Roll No.

## **ORDER**

A.  The Court adopts the stipulated facts set out above as findings and hereby incorporates them into this Order;

1.  The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial because the forensic analysis of the defendant's devices has not yet been completed and the parties need additional time to review any results and then discuss a resolution, potentially avoiding the unnecessary use of the grand jury. This delay is necessary in order to allow the United States reasonable time following the arrest of the defendant for effective preparation for the return and filing of an indictment, taking into account the exercise of due diligence.

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including sixty (60) days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above.

IT IS SO ORDERED.

Dated and entered this __25__ day of February, 2020.

_____
Hon. Daniel J. Stewart
United States District Judge