IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:19-MJ-843 (DJS) |
| | ) | |
| v. | ) | |
| | ) | |
| **JACOB DELANEY,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**Government's Motion for a Protective Order**

The United States intends to provide the Defendant with additional informal discovery that includes a currently sealed search warrant affidavit which contains law enforcement sensitive information related to the ongoing investigation of investigative targets suspected of engaging in online child sexual exploitation. The dissemination of the search warrant affidavit and the information contained therein, could seriously jeopardize those continuing investigations.

Accordingly, the United States seeks a Protective Order requiring that the search warrant affidavit produced by the United States (1) be used solely by counsel, Scott W. Iseman and O'Connell & Aronowitz, P.C., and members of the Defendant's litigation and investigative team only in connection with preparation of the defense including motions, trial, and, if necessary, sentencing and/or appeal in this matter and not for any other purpose; (2) not be provided to, read verbatim to, or summarized for anyone else other than (a) the defendant, who may review in person with defense counsel, but not copy or retain copies of, all such information and items, and (b) where defense counsel deems such disclosure necessary for preparation of the defense, a witness, who may review in person with defense counsel, but not copy or retain copies of, all such information and items; and (3) be returned to the United States Attorney's Office within 10

days upon conclusion of the case before this Court, or, if an appeal is taken, upon completion of such an appeal.

The search warrant affidavit, or information contained therein, that are filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court.  This does not entitle either party to seal their filings as a matter of course.  The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

Any violation of any term or condition of the Proposed Order by the Defendant, the Defendant's attorney of record, any member of the defense team, or any attorney for the United States Attorney's Office for the Northern District of New York, may be sanctioned by contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

This Motion and the proposed Protective Order is submitted for the purpose of ensuring that law enforcement sensitive information contained in discovery materials are not disseminated to third parties.  For these reasons, the United States requests this Court to authorize the proposed Protective Order. Counsel for the defendant, Scott W. Iseman does not object to this motion.

                                  Respectfully submitted,

Dated: July 1, 2020                  GRANT C. JAQUITH
                                  United States Attorney

                                ***/s/ Alicia G. Suarez***
                     By:
                                Alicia G. Suarez
                                Assistant United States Attorney
                                Bar Roll No. 700218

## PROTECTIVE ORDER

This matter, having come to the Court's attention on the Motion for Protective Order submitted by the United States of America, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1. The search warrant affidavit produced to the defense by the United States shall be used solely by counsel, Scott W. Iseman and O'Connell & Aronowitz, P.C., and members of the Defendant's litigation and investigative team in connection with preparation of the defense including motions, trial, and, if necessary, sentencing and/or appeal in this matter and not for any other purpose;

2. The search warrant affidavit shall not be duplicated, provided to, read verbatim to, or summarized for anyone else other than (a) the defendant, who may review in person with defense counsel, but not copy or retain copies of, all such information and items, and (b) where defense counsel deems such disclosure necessary for preparation of the defense, a witness, who may review in person with defense counsel, but not copy or retain copies of, all such information and items;

3. Defense counsel shall return the search warrant affidavit to the United States Attorney's Office within 10 days upon conclusion of the case before this Court, or, if an appeal is taken, upon completion of such an appeal;

4. The search warrant affidavit, or information contained therein, that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are

required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents;

5. The provisions of this Order shall not terminate at the conclusion of this prosecution; and

6. Any violation of any term or condition of this Order by the Defendant, the Defendant's attorney of record, any member of the defense team, or any attorney for the United States Attorney's Office for the Northern District of New York, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

IT IS SO ORDERED.

Dated and entered this 2nd day of July, 2020.

Hon. Daniel J. Stewart
United States Magistrate Judge