IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:20-CR-335 (TJM) |
| | ) | |
| v. | ) | **STIPULATION AND ORDER** |
| | ) | **FOR CONTINUANCE** |
| **JACOB DELANEY** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

Michael P. McDermott, Esq., the attorney for Jacob Delaney having moved for a continuance of 60 days in the above-captioned action and Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Alicia G. Suarez, Assistant U.S. Attorney, appearing, having consented to the continuance and proposed the exclusion of the additional 60-day period of continuance under the Speedy Trial Act, the parties hereby stipulate and agree as follows:

1) The prior proceedings in this case occurred as follows:

   a) Date of arraignment (waived): November 4, 2020

   b) Date of indictment: October 29, 2020

   c) Defendant custody status: Released

      i) Date United States moved for detention: December 13, 2019

      ii) Date of detention hearing: December 13, 2019

      iii) Date detention decision issued: December 13, 2019

2) The Court has not ordered exclusions under the Speedy Trial Act.

3) Jacob Delaney has requested the continuance based on the COVID-19 pandemic and to allow counsel time to review discovery at the government's office and to review additional discovery that will be provided by the government, to conduct their own investigation and to decide

whether to attempt to resolve this matter short of trial, and if not, to conduct research, file motions and prepare for trial.

4) The parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial because the continuance is necessary for the following reasons:

### COVID-19 Pandemic

5) On March 13, 2020, the Court issued General Order No. 58, In Re: Coronavirus Public Emergency, revised on April 29, May 13, June 12, August 6 and October 8 continuing criminal (grand and petit) jury selections and jury trials scheduled to commence through December 15, 2020, unless otherwise directed by the presiding judge based on case-by-case exceptions. The order was issued and revised because of (a) the New York Governor's declaration of a public-health emergency in response to the spread of COVID-19, and (b) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. Pandemic, like natural disaster or other emergency, grants this Court the discretion to order an ends-of-justice continuance. *See United States v. Correa*, 182 F.Supp.2d 326, 329 (S.D.N.Y. 2001) (applying this requirement after the September 11, 2001 attacks and noting that "there is authority for granting [discretionary interests-of-justice exclusions] in the case of public emergency caused by a natural catastrophe"). Moreover, due to the restrictions imposed by current public-health concerns, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(7)(B)(iv). Furthermore, trial preparation necessarily involves close contact with witnesses, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to

the health of either or both of counsel and the witnesses. For all of these reasons, an exclusion under 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv) is appropriate

### Reasons Unrelated to the COVID-19 Pandemic

6) Defense counsel seeks additional time to review certain discovery materials at the government's office and to review additional discovery materials that will be provided by the government, conduct its own investigation and decide whether to attempt to resolve this matter short of trial. If the matter cannot be resolved short of trial, the defense will need additional time to research and file motions and prepare for trial taking into account the exercise of due diligence. Based on these facts, the parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and is necessary in order to allow the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

7) The parties stipulate and agree that a period of 60 days beginning on and including the date on which the Court signs the requested order shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: November 17, 2020				ANTOINETTE T. BACON
							Acting United States Attorney

					By:	/s/ Alicia G. Suarez
						Alicia G. Suarez
						Assistant United States Attorney
						Bar Roll No. 700218

_____
Michael P. McDermott, Esq.
Attorney for Jacob Delaney
Bar Roll No.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:20-CR-335 (TJM) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JACOB DELANEY** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

ORDER

A.　The Court incorporates into this Order the stipulated facts set forth above and hereby adopts them as findings.

B.　The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether a continuance serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights.  The Court finds that pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial because:

　　　1.　this delay is necessary for the reasons articulated in General Order No. 58, In Re: Coronavirus Public Emergency; denial would be likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, 18 U.S.C. 3161(h)(7)(B)(iv); trial preparation involves close contact with witnesses, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of either or both of counsel and the witnesses; and the defense seeks additional time to review certain discovery materials in person at the government's office, to review additional discovery to be provided by the government, conduct their own investigation, and decide whether resolve this

matter short of trial and should negotiations fail, research and file motions and prepare for trial taking into account the exercise of due diligence, 18 U.S.C. § 3161(h)(7)(B)(iv).

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS IT IS HEREBY ORDERED:

A.     A period of 60 days, beginning on and including the date of this Order shall be excludable in computing time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B) because of the reasons articulated in General Order No. 58, In Re: Coronavirus Public Emergency; denial would be likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, 18 U.S.C. § 3161(h)(7)(B)(iv); trial preparation involves close contact with witnesses, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of either or both of counsel and the witnesses; and the defense seeks additional time to review certain discovery materials in person at the government's office, to review additional discovery to be provided by the government, conduct their own investigation, and decide whether resolve this matter short of trial and should negotiations fail, research and file motions and prepare for trial taking into account the exercise of due diligence, 18 U.S.C. § 3161(h)(7)(B)(iv).

A.     The deadline for the completion of discovery by the United States (otherwise due within 14 days of arraignment pursuant to the terms of the Local Rules of Criminal Procedure and the Criminal Pretrial Order) will be extended by 60 days to _____ The deadline for the completion of reciprocal discovery by the Defendant (otherwise due within 21 days of arraignment pursuant to the terms of the Local Rules of Criminal Procedure and the Criminal Pretrial Order) will be extended by 60 days to

B.	Any pretrial motions in this case shall be filed on or before _____ and shall be made returnable on _____ .

C.	The trial in this matter shall begin on _____ before Senior United States District Judge Thomas J. McAvoy in Albany, New York or, in the alternative, a change of plea shall be entered on or before _____ .

IT IS SO ORDERED.

Dated and entered this _____ day of November, 2020.

                                        _____
                                        Hon. Thomas J. McAvoy
                                        Senior United States District Judge