IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.  1:20-CR-335 (TJM) |
| | ) | |
| v. | ) | |
| | ) | |
| **JACOB DELANEY,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION FOR DISCOVERY PROTECTIVE ORDER**

The United States of America, by and through Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Alicia G. Suarez, Assistant United States Attorney for said District, files this motion for entry of a Discovery Protective Order.

Defendant, Jacob Delaney, was charged by Indictment on October 29, 2020 with receiving and possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (a)(5)(B).  The investigation of the Defendant involved the Defendant's use of a website, which the government contends is dedicated to child pornography, and the users thereof, which are subject to ongoing investigation.

Discovery materials the government intends to produce pursuant to its discovery obligations under Federal Rule of Criminal Procedure 16 include law enforcement sensitive items related to the ongoing investigation of investigative targets suspected of engaging in online child sexual exploitation. The dissemination of the government's investigative materials, including search warrant affidavits, reports of investigation, witness statements, court orders, and

seized electronic data, and the information contained therein, could seriously jeopardize those continuing investigations.

The government requests that the Discovery Protective Order require that the Defendant may not disseminate discovery items containing law enforcement sensitive information, which the government will designate (by clearly marking as such) as being produced under this protective order (hereinafter "Protected Materials") to anyone other than counsel and members of the Defendant's litigation and investigative team.  As proposed in the Protective Order, defense counsel and the Defendant's litigation team may show and display the Protected Materials produced in discovery to the Defendant, but may not provide a copy of the Protected Materials produced in discovery to the Defendant or third parties to keep and maintain in their possession. Further, defense counsel and the Defendant's litigation team shall return the Protected Materials produced in discovery to the United States Attorney's Office within 10 days upon conclusion of the case before this Court, or, if an appeal is taken, upon completion of such an appeal. Nothing, however, shall prevent Defendant's counsel from maintaining a copy of said Protected Materials as part of the privileged and confidential case file maintained by their office in the normal course of business, provided that no disclosures of the Protected Materials may be made unless said disclosures are consistent with this Order, or without leave of the Court.

The Defendant shall have thirty (30) days from the date of disclosure to challenge the Government's determination that any material should be considered "Protected Material". The parties shall make a good faith effort to resolve any dispute over any "Protected Material" designation. Should the parties fail to resolve their disagreement, the Defendant may seek relief from this Court from the "Protected Material" designation.

Any of the Protected Materials produced in discovery, or information contained therein, that are filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

Any violation of any term or condition of the Proposed Order by the Defendant, the Defendant's attorneys of record, any member of the defense team, or any attorney for the United States Attorney's Office for the Northern District of New York and any member of the prosecution team, may be sanctioned by contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

This Motion and the proposed Protective Order is submitted for the purpose of ensuring that law enforcement sensitive information contained in discovery materials are not disseminated to third parties. For these reasons, the United States and Defendant Jacob Delaney request this Court to authorize the proposed Discovery Protective Order. The Defendant, Jacob Delaney, does not oppose this motion.

Dated this 16th day of December 2020.

Respectfully submitted,

ANTOINETTE T. BACON
Acting United States Attorney

By: */s/ Alicia G. Suarez*
Alicia G. Suarez
Assistant United States Attorney
Bar Roll No. 700218

**PROTECTIVE ORDER**

This matter, having come to the Court's attention on the uncontested Motion for Entry of a Discovery Protective Order submitted by the United States of America, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1. This Protective Order governs discovery materials containing law enforcement sensitive information that will be clearly marked by the government as being produced under Protective Order by the government in any format (written or electronic) (hereinafter "Protected Materials"), and information contained therein, that is produced by the government in discovery in the above captioned case.

2. The United States will make available copies of the Protected Materials, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of copies of the Protected Materials produced in discovery is limited to the attorneys of record, and investigators, paralegals, law clerks, experts and assistants for the attorneys of record (hereinafter collectively referred to as members of the defense team).

3. The Defendant shall have thirty (30) days from the date of disclosure to challenge the Government's determination that any material should be considered "Protected Material". The parties shall make a good faith effort to resolve any dispute over any "Protected Material" designation. Should the parties fail to resolve their disagreement, the Defendant may seek relief from this Court from the "Protected Material" designation.

4. The Defense attorneys of record and members of the defense team may display and review the Protected Materials produced in discovery with the Defendant. The attorneys of record and members of the defense team acknowledge that providing copies of the Protected Materials produced in discovery to the Defendant and other persons is prohibited, and agree not to duplicate or provide copies of the Protected Materials to the Defendant and other persons.

5. Nothing in this order should be construed as imposing any discovery obligations on the government or the defendant that are different from those imposed by case law and/or Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

6. Any Protected Materials produced in discovery, or information contained therein, that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

7. The provisions of this Order shall not terminate at the conclusion of this prosecution.

8. Any violation of any term or condition of this Order by the Defendant, the Defendant's attorneys of record, any member of the defense team, any attorney for the United States Attorney's Office for the Northern District of New York, or any member of the prosecution team, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

9. Any Protected Materials produced in discovery pursuant to this Order shall be returned to the United States Attorney's Office, including all copies, within ten days of the completion of the case before the Court or, if an appeal is taken, within ten days of the completion of the case in the United States Court of Appeals for the Second Circuit or Supreme Court of the United States. Defendant's counsel may maintain a copy of said Protected Materials as part of the privileged and confidential case file maintained by their office in the normal course of business, provided that no disclosures of the protected Materials may be made unless said disclosures are consistent with this Order, or without leave of the Court.

10. If the Defendant violates any term or condition of this Order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to the Defendant's violation.

DATED this 16th day of December.

_____
Hon. Thomas J. McAvoy
SENIOR UNITED STATES DISTRICT COURT JUDGE