# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

————

UNITED STATES OF AMERICA,

  *-against-*

JACOB DELANEY,

  *Defendant.*

## MEMORANDUM OF LAW

O'CONNELL AND ARONOWITZ
*Attorneys for Defendant*
54 State Street
Albany NY  12207-2501
(518) 462-5601

SCOTT W. ISEMAN, ESQ.
  *Of Counsel*

Dated: January 26, 2021

{O0753473 3}

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................. ii

SUMMARY OF ARGUMENT ............................................................ 1

Procedural Background and Factual Summary ............................... 1

Legal Standard ..................................................................................... 2

ARGUMENT ........................................................................................ 5

POINT I ............................................................................................... 5

There is no probable cause because the warrant application at
most identified the Defendant's IP address as one of many
potential IP addresses involved in a relay of computers used by an
unidentifiable party to access the Target Site. ............................... 5

POINT II ............................................................................................. 7

The facts underlying the warrant application are independently
deficient and stale. ........................................................................... 7

POINT III ........................................................................................... 11

The Good Faith Exception Does Not Save the Government's
Search and Resulting Seizure ........................................................ 11

POINT IV ........................................................................................... 14

The Defendant's Statements Should be Suppressed. ................... 14

CONCLUSION ................................................................................... 15

# **TABLE OF AUTHORITIES**

Page

## **Federal Cases**

*Herring v. United States,*
    555 U.S. 135 (2009).................................................................................. 14

*Illinois v. Gates,*
    462 U.S. 213 (1983).................................................................................... 2

*Kaupp v. Texas*,
    538 U.S. 626 (2003).................................................................................... 5

*Mosby v. Senkowski,*
    470 F.3d 515 (2d. Cir 2006)....................................................................... 4

*Murray v. United States*,
    487 U.S. 533 (1988)............................................................................. 4, 14

*United States v Guzman,*
    724 F. Supp.2d 434 (S.D.N.Y 2010)..................................................... 4, 14

*United States v. Boles,*
    914 F.3d 95 (2d Cir. 2019)................................................................... 4, 11

*United States v. Buck*,
    813 F.2d 588 (2d Cir. 1987).................................................................. 4, 7

*United States v. Clark*,
    638 F.3d 89 (2d Cir. 2011)................................................................... 4, 10

*United States v. Falso,*
    844 F.3d 110 (2d. Cir. 2008)............................................................. passim

*United States v. Ganias,*
    824 F.3d 199 (2d Cir. 2016).................................................................... 12

*United States v. Griswold,*
    2011 WL 7473466 (W.D.N.Y.2011) ....................................................... 15

*United States v. Irving,*

{O0753473 3}

ii

542 F.3d 110 (2d Cir. 2006)......................................................................... 2

*United States v. Leon,*
468 U.S. 897 (1984)...................................................................................... 4

*United States v. Ortiz,*
143 F.3d 728 (2d Cir.1998).......................................................................... 2

*United States v. Peeples*,
962 F.3d 677 (2d Cir. 2020)......................................................................... 2

*United States v. Raymonda,*
780 F.3d 105 (2d. Cir. 2015)................................................................. passim

*United States v. Reilly*,
76 F.3d 1271 (2d Cir.),
*on reh'g,* 91 F.3d 331 (2d Cir. 1996) ..................................................... 12

*United States v. Seldinas*,
2014 WL 6669901 (W.D.N.Y.2014) ......................................................... 14

*United States v. Snype*,
441 F.3d 119 (2d Cir. 2006)................................................................... 5, 14

*United States v. Stokes*,
733 F.3d 438 (2d Cir. 2013)......................................................................... 3

*United States v. Wagner*,
989 F.2d 69 (2d Cir. 1993)........................................................................... 2

*United States v. Walker*,
922 F. Supp. 732 (N.D.N.Y. 1996) ............................................................. 2

{O0753473 3}

## SUMMARY OF ARGUMENT

The search warrant application in this matter is deficient, in that, it utterly fails to establish probable cause and justify the requested search.

All evidence seized pursuant to this warrant must be suppressed because the warrant application ████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

Additionally, the applying agent's own representations starkly contradict his conclusory assumption that evidence of criminality exists at the location identified in the application.

Furthermore, the Government's search and the resulting seizures cannot be saved by the good faith exception to the Exclusionary Rule since: the applying agent demonstrated gross negligence by ignoring clearly established Second Circuit search and seizure law; the application so lacked indicia of probable cause that it was unreasonable to rely upon it; and the applying agent recklessly provided misleading information to the reviewing magistrate by failing to include critical facts and making unsupported conclusions about the likelihood that evidence of criminality would be found at the location to be searched. As a consequence, all evidence obtained from the search of the Defendant's electronic devices and premises must be suppressed.

Likewise, any statements law enforcement obtained from the Defendant during and following the execution of this warrant should be suppressed.

## Procedural Background and Factual Summary

The relevant procedural history and facts are recited in the accompanying attorney Declaration of Scott W. Iseman, Esq. and are incorporated here by reference.

**<u>Legal Standard</u>**

On a motion to suppress physical evidence, the Defendant bears the initial burden of proof. *United States v. Peeples*, 962 F.3d 677, 692 (2d Cir. 2020). But where, as here, the Defendant establishes a basis for the motion, the burden shifts to the Government. *United States v. Walker*, 922 F. Supp. 732, 750 (N.D.N.Y. 1996).

A valid warrant must be supported by probable cause and before a warrant can be issued, the reviewing magistrate must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates,* 462 U.S. 213, 238 (1983). A court reviewing the sufficiency of a warrant application "may conclude that a warrant is invalid where the magistrate's "probable-cause determination reflect[s] an improper analysis of the totality of circumstances." *United States v. Raymonda,* 780 F.3d 105 (2d. Cir. 2015) (*quoting United States v. Falso*, 844 F.3d 110, 117 (2d. Cir. 2008)) (internal quotation marks omitted). In addition, the Second Circuit has held that a warrant may lack probable cause "where the facts supporting criminal activity have grown stale by the time that the warrant issues." *Id*. citing *United States v. Wagner*, 989 F.2d 69 at 75 (2d Cir. 1993). The two critical factors in determining staleness are the age of the facts alleged and the "nature of the conduct alleged to have violated the law." *United States v. Ortiz,* 143 F.3d 728, 732 (2d Cir.1998)

The federal courts, and the Second Circuit in particular, have developed a specific probable cause sufficiency and staleness analysis in cases, like the instant matter, involving allegations of internet-based child pornography offenses. The Second Circuit's probable cause analysis in such cases focuses on whether there is evidence the targeted user has a predisposition for possessing or accessing contraband images. *Raymonda*, 780 F.3d at 115 ("evidence that such persons possessed child pornography in the past supports a reasonable inference that they retain those images—or

have obtained new ones—in the present." (internal citation and quotations omitted); *see also United States v. Irving*, 542 F.3d 110, 125 (2d Cir. 2006) (it is well known that images of child pornography are likely to be hoarded by persons interested in those materials in the privacy of their homes").

The courts have inferred such a predisposition to avoid staleness and other probable cause sufficiency issues in circumstances where: the suspect admitted to possession, paid for or subscribed to services to receive contraband images; where the suspect has a prior history with child pornography, and even where the suspect downloaded and redistributed a single image. *Raymonda*, 780 F.3d at 114-15 (collecting cases). As the Second Circuit recognized in *Raymonda*, "[s]uch circumstances tend to negate the possibility that a suspect's brush with child pornography was a purely negligent or inadvertent encounter, the residue of which was long ago expunged." *Id*. But visiting a website or attempting to access a website where there may be contraband images is not a sufficient basis alone for probable cause. *Falso*, 844 F.3d at 121.

If a warrant was not supported by probable cause, preclusion does not automatically follow. Instead, the Government can attempt to rely on the good faith exception to the Exclusionary Rule. The good faith exception provides that evidence obtained in violation of the Fourth Amendment may still be used against a Defendant provided law enforcement applied for, obtained and objectively relied upon the search warrant in "good faith." *Raymonda*, 780 F.3d at 117-18; *Falso* 844 F.3d at 125.

The Exclusionary Rule does apply and suppression should follow, however, in instances where law enforcement exhibits "deliberate, reckless, or grossly negligent disregard for Fourth Amendment rights." *United States v. Stokes*, 733 F.3d 438, 443 (2d Cir. 2013). Similarly, once controlling precedent is set on what is legally required to establish probable cause, law

enforcement "may not thereafter claim reasonable reliance on warrants secured in the absence of compliance." *United States v. Clark*, 638 F.3d 89, 105 (2d Cir. 2011) (citing *United States v. Buck*, 813 F.2d 588, 592 (2d Cir. 1987)). The good faith exception also does not apply (1) where the issuing magistrate has been knowingly misled; (2) where the issuing magistrate wholly abandoned his or her judicial role; (3) where the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; and (4) where the warrant is so facially deficient that reliance upon it is unreasonable. *United States v. Boles*, 914 F.3d 95, 103 (2d Cir. 2019).

While the Supreme Court has commented that most searches conducted pursuant to a subsequently invalidated warrant will ordinarily receive the benefit of the good faith exception, *United States v. Leon,* 468 U.S. 897, 922 (1984), it is the Government's burden to "demonstrate the objective reasonableness of the officers' good faith reliance on an invalidated warrant." *Clark*, 638 F.3d at 100.

Statements made by a Defendant during and following an illegal search can also be suppressed as fruit of the poisonous tree. As a result, testimonial evidence derived from tainted evidence "up to the point at which the connection with the unlawful search becomes so attenuated as to dissipate the taint" should be suppressed under the Exclusionary Rule. *Murray v. United States*, 487 U.S. 533, 537 (1988). It is the Government's burden to prove that "the statements were sufficiently attenuated to remove the taint from the unlawful search." *United States v Guzman*, 724 F. Supp.2d 434, 444 (S.D.N.Y 2010) (*citing Mosby v. Senkowski*, 470 F.3d 515, 521 (2d. Cir 2006). A number of factors form the basis of an inquiry into whether the original taint of the illegal search has dissipated: "(1) the giving of Miranda warnings, (2) the "'temporal proximity'" of the illegal entry and the alleged consent, (3) "'the presence of intervening circumstances,'" and (4) the "'purpose and flagrancy of the official misconduct. '" *United States v. Snype*, 441 F.3d 119, 134

(2d Cir. 2006) (quoting *Kaupp v. Texas*, 538 U.S. 626, 633 (2003). In sum, the practical approach to the attenuation analysis is whether the causal link between the statements and the Fourth Amendment violation is "so long or tortuous that suppression of the evidence is unlikely to have the effect of deterring future violations of the same type." *Guzman*, 724 F. Supp. 2d at 444.

## ARGUMENT

### POINT I

**There Is No Probable Cause Because the Warrant Application
At Most identified the Defendant's IP Address As One of Many
Potential IP Addresses Involved In A Relay of Computers Used
By An Unidentifiable Party To Access the Target Site.**

According to





This error demonstrates the warrant application was so clearly lacking in indicia of probable cause as to render the Government's reliance upon it unreasonable. *Boles*, 914 F.3d at 103. As a result, suppression of all seized evidence is the only available remedy.

## POINT II

### The facts underlying the warrant application are
### independently deficient and stale.

The probable cause analysis for this case can be taken nearly verbatim out of the Second Circuit's decisions in *Falso* and *Raymonda*. And because *Falso* and *Raymonda* are clearly established Second Circuit authority, law enforcement does not get a good faith mulligan when their conduct runs afoul of these clear holdings. *Clark*, 638 F.3d at 105 (citing *United States v. Buck*, 813 F.2d at 592 (2d Cir. 1987). Like in *Falso* and *Raymonda*,

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████

Furthermore, the application provides no evidence that the Defendant or anyone associated with the Defendant's IP address had a propensity for collecting child pornography. ████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████

      ████████████████████████████████████

███████████████████████████████████████

█████████████████████ But those factors, without more, are not enough to establish

"propensity-raising circumstances" that the Defendant or a user at the Defendant's IP address collected child pornography. *Raymonda*, 780 F.3d at 116. Some additional indicia ███████ ████████████████████████████████████████████████████████████████████

████ where contraband may be available must be required to conduct the requested search. *Falso*, 544 F.3d at 124 ("Generalized allegations about: (1) the propensity of collectors of child pornography to intentionally maintain illegal images; (2) law enforcement's ability to retrieve such images from a computer; and (3) the ability to view child pornography on the [subject]website, fail to establish the requisite nexus of illegal activity to [the targeted user]"). This must be especially true where, as here, ██████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████. *Raymonda*, 780 F.3d at 116.

As such, █████████████████████████████████████, there are no factors to "negate the possibility that [the Defendant's alleged] brush with child pornography was a purely negligent or inadvertent encounter, the residue of which was long ago expunged." *Raymonda*, 780 F.3d at 115. ████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████

████████ *Raymonda*, 780 F.3d at 115. Therefore, like in *Falso* and *Raymonda*, there was clearly insufficient evidence to establish probable cause to issue the subject warrant.

## POINT III

### The Good Faith Exception Does Not Save the Government's Search and Resulting Seizure

The Government has the burden to "demonstrate the objective reasonableness of the officers' good faith reliance on an invalidated warrant." *Clark*, 638 F.3d at 100 (citation and quotation marks omitted). But the Government cannot "claim reasonable reliance on warrants secured in the absence of compliance" with established legal precedent. *Id*. at 105. As described above, since *Falso* and *Raymonda* are clearly established controlling precedent and the same probable cause errors are repeated here, the Government does not get the benefit of the good faith exception.

But even if this court finds a way to distinguish *Falso* and *Raymonda*, the good faith exception would still not apply because the application was so grossly deficient that the Government could not objectively rely on the warrant. *Boles*, 914 F.3d at 103. As described above,

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████

Additionally, ███████, at the very least, recklessly mislead the magistrate with his application, which is an independent basis for denying the good faith exception. *Boles*, 914 F.3d 103 (2d Cir. 2019) (good faith exception does not apply where agent knowingly misleads magistrate); *Raymonda*, 780 F.3d at 118 (recklessly seeking a warrant prohibits good faith

exception) (citations omitted). Because of the glaring deficiencies pointed out above, ████ ,

made baseless, conclusory representations that there was probable cause to search the Defendant's

residence and electronic devices. Relatedly, ████ ████



████ *United States v. Reilly*, 76 F.3d 1271, 1280 (2d Cir.), *on reh'g,* 91 F.3d 331 (2d Cir.

1996) (good faith exception "does not protect searches by officers who fail to provide all

potentially adverse information to the issuing judge"); *United States v. Ganias,* 824 F.3d 199, 221

(2d Cir. 2016) ("to assert good faith reliance successfully, officers must, *inter alia*, disclose all

potentially adverse information to the issuing judge"). For example, prior to applying for the warrant, the ███████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████████ None of this was made known to the court.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████. These types of boiler plate generalizations are dangerously misleading. As Judge Chin noted in his separate opinion in *Raymonda*: it is "inappropriate-and heedlessly indifferent" for an agent to "rely on boilerplate language regarding the proclivities of collectors" when there is no evidence that the Defendant or the Defendant's IP address are actually involved in the collection of child pornography. 780 F.3d 105, 124 (2d Cir. 2015), (Chin, J. concurring in part and dissenting in part).

While these gross generalizations and omissions should trouble the court, there is more. Importantly, ████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████ .

Since the application falls well short of probable cause standards set in *Falso* and

*Raymonda*, ████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████ the Government cannot be given the benefit of the good faith exception. To

decide otherwise blesses grossly negligent and reckless law enforcement conduct – exactly the

conduct the Exclusionary Rule is supposed to deter. *Herring v. United States,* 555 U.S. 135, 144

(2009) (The exclusionary rule serves to deter "deliberate, reckless, or grossly negligent conduct.").

Thus, there cannot be a finding of good faith here.

## POINT IV

**The Defendant's Statements Should be Suppressed.**

All statements the Defendant made on December 12, 2019 should also be suppressed as

they are the product of the Government's unlawful search and seizure and are not attenuated in

time or place to the Fourth Amendment violation. *Murray v. United States*, 487 U.S. 533, 537

(1988). The Government cannot prove that any of the Defendant's statements, even those that

followed *Miranda* warnings, are "sufficiently attenuated to remove the taint from the unlawful

search." *United States v. Guzman*, 724 F. Supp. 2d 434, 444 (S.D.N.Y 2010).

Furthermore, each factor the Court is instructed to consider when evaluating attenuation,

*see United States v. Snype*, 441 F.3d 119, 134 (2d Cir. 2006), with the exception of an eventual

*Miranda* advisement, tips in favor of suppression since the statements were made either on scene

or immediately following execution of the warrant. Ex. "I" to Iseman Dec. at pgs. 1-3.

Additionally, the post-*Miranda* statements were guided by ongoing analysis and review of the Defendant's electronic devices, which directly connects his post-*Miranda* statements to the illegal search. *Id*. Finally, there is no intervening event or temporal break that establishes that these statements were freely given to the Government. *United States v. Seldinas*, 2014 WL 6669901, *7 (W.D.N.Y.2014) ("[o]nce a defendant thinks that he has been caught red handed, the futility of remaining silent can be more easily exploited by law enforcement ... because the realization that the cat is out of the bag plays a significant role in encouraging the suspect to speak") (quoting *United States v. Griswold*, 2011 WL 7473466, *11 (W.D.N.Y.2011)) (internal quotation omitted). As a result, all of the Defendant's statements from December 12, 2019 to law enforcement must be suppressed.

## CONCLUSION

For the above reasons, the Defendant respectfully requests that the Court suppress all evidence seized during the search of the Defendant's apartment and any statement made by Defendant to law enforcement on December 12, 2019.

Dated:   Albany, New York
     January 26, 2021         O'CONNELL & ARONOWITZ P.C.

                    By:

                         Scott W. Iseman Esq.
                         Attorney for Plaintiff
                         Bar Roll No.:  518859
                         54 State Street, 9th Floor
                         Albany, NY 12207
                         (518) 462-5601
                         siseman@oalaw.com