IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:20-CR-335 (TJM) |
| | ) | |
| v. | ) | **STIPULATION AND ORDER** |
| | ) | **FOR CONTINUANCE** |
| **JACOB DELANEY** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

Scott W. Iseman, Esq., the attorney for Jacob Delaney having moved for an additional continuance of 60 days in the above-captioned action and Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Alicia G. Suarez, Assistant U.S. Attorney, appearing, having consented to the continuance and proposed the exclusion of the additional 60-day period of continuance under the Speedy Trial Act, the parties hereby stipulate and agree as follows:

1) The prior proceedings in this case occurred as follows:

   a) Date of arraignment (waived): November 4, 2020

   b) Date of indictment: October 29, 2020

   c) Defendant custody status: Released

      i) Date United States moved for detention: December 13, 2020

      ii) Date of detention hearing: December 13, 2020

      iii) Date detention decision issued: December 13, 2020

2) The Court previously ordered the following exclusions under the Speedy Trial Act:

   a) Order dated November 18, 2020 excluded the period between and including November 18, 2021 and January 17, 2021.

3) Jacob Delaney has requested the continuance based on the COVID-19 pandemic and to allow counsel time to revisit the posture of this case once the Court provides a decision on defendant's pending Motion to Suppress, and to reevaluate resolution and/or prepare for trial if need be.

4) The parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial because the continuance is necessary for the following reasons:

**COVID-19 Pandemic**

5) On March 13, 2020, the Court issued General Order No. 58, In Re: Coronavirus Public Emergency, revised on April 29, May 13, June 12, August 6, October 8 and December 4, 2020 continuing criminal (grand and petit) jury selections and jury trials scheduled to commence through march 8, 2021, unless otherwise directed by the presiding judge based on case-by-case exceptions. The order was issued and revised because of (a) the New York Governor's declaration of a public-health emergency in response to the spread of COVID-19, and (b) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. Pandemic, like natural disaster or other emergency, grants this Court the discretion to order an ends-of-justice continuance. *See United States v. Correa*, 182 F.Supp.2d 326, 329 (S.D.N.Y. 2001) (applying this requirement after the September 11, 2001 attacks and noting that "there is authority for granting [discretionary interests-of-justice exclusions] in the case of public emergency caused by a natural catastrophe"). Moreover, due to the restrictions imposed by current public-health concerns, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(7)(B)(iv). Furthermore, trial preparation necessarily involves close contact with

witnesses, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of either or both of counsel and the witnesses. For all of these reasons, an exclusion under 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv) is appropriate

## **Reasons Unrelated to the COVID-19 Pandemic**

6) The defense filed a Motion to Seal on January 26, 2021, followed by a Motion to Suppress on January 29, 2021. While the parties agree that the filing of the motions tolls time under the Speedy Trial Act, *see* 18 U.S.C. § 3161(h)(1)(D), the defense seeks this additional continuance, which may extend beyond the excludable time, to allow the defense time to revisit the posture of this case once the Court provides a decision on defendant's pending Motion to Suppress, and to reevaluate resolution and/or prepare for trial if need be, taking into account the exercise of due diligence. Based on these facts, the parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and is necessary in order to allow the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

7) The parties stipulate and agree that a period of 60 days beginning on and including the date on which the Court signs the requested order shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: February 8, 2021                                     ANTOINETTE T. BACON
                                                                                    Acting United States Attorney


                                                           By:    */s/ Alicia G. Suarez*
                                                                         Alicia G. Suarez
                                                                         Assistant United States Attorney
                                                                         Bar Roll No. 700218

Scott W. Iseman, Esq.
Attorney for Jacob Delaney
Bar Roll No. 518859

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:20-CR-335 (TJM) |
| | ) | |
| v. | ) | |
| | ) | |
| **JACOB DELANEY** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

ORDER

A.  The Court incorporates into this Order the stipulated facts set forth above and hereby adopts them as findings.

B.  The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether a continuance serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights.  The Court finds that pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial because:

1.  this delay is necessary for the reasons articulated in General Order No. 58, In Re: Coronavirus Public Emergency; denial would be likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, 18 U.S.C. § 3161(h)(7)(B)(iv); trial preparation involves close contact with witnesses, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of either or both of counsel and the witnesses; and the defense seeks additional time, which may extend beyond the statutorily excludable time under 18 U.S.C. § 3161(h)(D) relating to the defense's pending Motion to Suppress, to allow the defense time to revisit the posture of this case once the Court provides a decision on defendant's pending Motion to Suppress, and to reevaluate resolution

and/or prepare for trial if need be, taking into account the exercise of due diligence, 18 U.S.C. § 3161(h)(7)(B)(iv).

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS IT IS HEREBY ORDERED:

A.  A period of 60 days, beginning on and including the date of this Order shall be excludable in computing time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B) because of the reasons articulated in General Order No. 58, In Re: Coronavirus Public Emergency; denial would be likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, 18 U.S.C. § 3161(h)(7)(B)(iv); trial preparation involves close contact with witnesses, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of either or both of counsel and the witnesses; and the defense seeks additional time, which may extend beyond the statutorily excludable time under 18 U.S.C. § 3161(h)(1)(D) relating to the defense's pending Motion to Suppress, to allow the defense time to revisit the posture of this case once the Court provides a decision on defendant's pending Motion to Suppress, and to reevaluate resolution and/or prepare for trial if need be, taking into account the exercise of due diligence, 18 U.S.C. § 3161(h)(7)(B)(iv).

A.  Any pretrial motions in this case shall be filed on or before _____ and shall be made returnable on _____.

B.  The trial in this matter shall begin on _____ before Senior United States District Judge Thomas J. McAvoy in Albany, New York or, in the alternative, a change of plea shall be entered on or before _____.

IT IS SO ORDERED.

Dated and entered this _____ day of February, 2021.

                                                                                                     _____

                                                                                                     Hon. Thomas J. McAvoy
                                                                                                     Senior United States District Judge

Case 1:20-cr-00335-TJM   Document 47   Filed 02/08/21   Page 7 of 7