IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Criminal No.    1:20-CR-335 (TJM) |
| | ) | |
| | ) | |
| | ) | Speedy Trial Act Exclusion Pursuant to |
| **Petitioner,** | ) | 18 U.S.C. § 3161(h)(1)(D) Through 30 |
| | ) | days After Conclusion of Hearing on |
| | ) | Pretrial Motions |
| **v.** | ) | |
| | ) | |
| **JACOB DELANEY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO SUPPRESS**

Dated:  February 26, 2021                    ANTOINETTE T. BACON
                                             Acting United States Attorney

                           By:    /s/ Alicia G. Suarez____
                                  Alicia G. Suarez
                                  Assistant United States Attorney
                                  Bar Roll No.  700218

TABLE OF CONTENTS

INTRODUCTION ............................................................................................................1

FACTUAL SUMMARY ................................................................................................3

ARGUMENT ..................................................................................................................6

   A.  THE PHYSICAL EVIDENCE SEIZED FROM DEFENDANT'S RESIDENCE IS
      ADMISSIBLE BECAUSE THE SEARCH WAS SUPPORTED BY PROBABLE CAUSE.... 6

     1.  █████████████████████████████████████████
                                                                  ...........................................8

   B.  EVEN IF THE SEARCH WARRANT WAS NOT SUPPORTED BY PROBABLE CAUSE,
      LAW ENFORCEMENT ACTED IN GOOD FAITH AND THE EVIDENCE SHOULD NOT
      BE SUPPRESSED ........................................................................................ 15

     1.  The Affidavit Was Not "So Lacking In Indicia of Probable Cause" ..................................... 16

     2.  The Magistrate Judge Was Not Knowingly Or Recklessly Misled ....................................... 17

   C.  THE DEFENDANT'S CONFESSION IS ADMISSIBLE ....................................... 20

CONCLUSION.................................................................................................................21

## INTRODUCTION

On October 29, 2020, a grand jury in the Northern District of New York returned an indictment charging the defendant, Jacob Delaney, with one count of receiving child pornography from in or about September 2018 through on or about December 11, 2019, in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and (b)(1), and three counts of possessing child pornography on or about December 12, 2019, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2). *See* Dkt. No. 29.

Now before the Court is the defendant's January 29, 2021 motion to suppress all of the physical evidence seized from the subject premises, defendant's residence, on December 12, 2019 pursuant to a federal search warrant issued by Magistrate Judge Daniel J. Stewart on December 10, 2019, including electronic devices containing child pornography, and the Defendant's statements obtained during and after the search, including all recorded and written admissions made by the Defendant. *See* Dkt. Nos. 43, 44, 46-1 and 46-2 at 1.[1]

The defendant claims, (1) that the facts and information provided in the search warrant were insufficient and too stale to establish probable cause to search the defendant's residence and electronic devices for ███████████████████████████████████████████████████ ████████████████████████, and (2) that the good faith exception to the exclusionary rule does not apply because (a) the application so lacked indicia of probable cause that it was unreasonable to rely upon it, and (b) the applying agent misled the Magistrate Judge ██████████ ███████████████████████████████████████████████████████████ █████████████████████████████████████.

---

[1] The Defendant's notice of motion was initially filed on January 26, 2021. After addressing sealing and redaction points, the Defendant re-filed the Notice of Motion and supporting documents on January 29, 2021, some of which were filed under seal, on February 1, 2021.

The defendant's arguments fail. First, the accurate facts and information included by the applying agent in the search warrant application and affidavit, ███████████████████ ████████████████████████████████████████ provided a substantial basis for the Magistrate Judge to conclude that ████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ █████████████████████████████████ Therefore, a fair probability existed that evidence, fruits and instrumentalities of the crimes alleged would be located at the subject premises (also known as the defendant's residence) and on the devices located therein.

Second, even if the application lacked probable cause, which it clearly did not, law enforcement acted in good faith in executing the search warrant and therefore the evidence should not be excluded. The application was not so lacking in probable cause as to make reliance on it unreasonable. Furthermore, the applying agent did not mislead the Magistrate Judge for several reasons. ███████████████████████████████████████████████████ ████████████████████████████████████████████████████ ███████████████████████████████████████ In addition, the defendant fails to show that the applying agent knowingly or recklessly made any material omissions, nor that his findings and conclusory statements, when viewed in light of the totality of the information provided in the application, were misleading. A *Franks* hearing is not warranted

because the defendant failed to make a substantially preliminary showing that the applying agent knowingly, recklessly, or even as a result of gross negligence, made any false or misleading statements.

Finally, the defendant's non-custodial and post-*Miranda* admission that were given during and after the execution of a valid search warrant should not be suppressed.

## FACTUAL SUMMARY

On December 10, 2019, United States Magistrate Judge for the Northern District of New York, Daniel J. Stewart, authorized a federal search warrant to search the subject premises, located in New Paltz, New York, the defendant's person, and any computers and electronic storage media located during those searches and to seize evidence, fruits and instrumentalities of violations of ████ ███████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████ [2] Judge Stewart based his determination on the *totality* of the facts and information provided ████ ██████████████████████████████████████████ affidavit set forth in detail ████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ █████████████████████████████████

---

[2] All references to "Def. Ex." refer to the exhibits filed by the defendant with his Motion to Suppress, Dkt. No. 44, 46, some of which were redacted and/or filed under seal.



[REDACTED]

On December 12, 2019, law enforcement officers executed the search warrant authorized by Judge Stewart at the defendant's residence in New Paltz, New York. Upon execution of the search warrant, law enforcement seized electronic devices, including a Dell Laptop, KESU hard drive and Cruzer thumb drive from the Defendant's bedroom. *See* Def. Ex. G. An initial forensic preview of the Dell Laptop and KESU hard drive revealed videos and images of minor boys engaged in sexually explicit conduct. *See* Crim. Compl. Aff., Dkt. No. 1, ¶¶ 7-8. Within the KESU hard drive, the videos were in a folder titled [REDACTED] *Id.*

During the execution of the search warrant, after being told that he was not under arrest and was free to leave, *see* Gov. Ex. 1, ~2:34 [REDACTED], filed under seal), the Defendant admitted that he owned and used the Dell Laptop and provided the password for the laptop, *see id.* at ~9:24. Dkt. No. 1, ¶ 9. [REDACTED]

[REDACTED] The Defendant voluntarily went with investigators from his residence

to the New York State Police Highland Station. He was again told that he was not in custody and was not handcuffed. *Id.* at ~11:40. Once at the station, the Defendant confirmed that he went with the officers voluntarily to the station and confirmed what he told SA Fallon at his residence. *See* Gov. Ex. 2 ███████████████████████████████, filed under seal), ~2:40. ███████ read the Defendant his *Miranda* rights during that conversation and the Defendant signed a waiver of rights form and agreed to continue speaking with investigators. *See* Gov. Ex. 2, ~4:45-6:00; Gov. Ex. 3, Waiver of Rights Form, filed under seal. █████████████████████



On October 29, 2020, based on evidence presented to the grand jury, a three-count indictment was returned charging the defendant with one count of receiving child pornography and three counts of and possessing child pornography. On January 29, 2021, the defendant filed a motion to suppress the electronic devices seized during the search of his residence on December 12, 2019, including those containing child pornography, as well as the defendant's statements, including his admissions.

**ARGUMENT**

### A. THE PHYSICAL EVIDENCE SEIZED FROM DEFENDANT'S RESIDENCE IS ADMISSIBLE BECAUSE THE SEARCH WAS SUPPORTED BY PROBABLE CAUSE

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the

persons or things to be seized." U.S. Const. amend. IV. Probable cause is "a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232 (1983).

"The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit[,] . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238. Upon review, the affidavit is presumed valid, *United States v. Martin*, 426 F.3d 68, 73 (2d Cir. 2005) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). The determination of probable cause by the issuing magistrate is given "great deference," and the reviewing court need only find that the magistrate had a "substantial basis" for concluding that probable cause existed. *Gates*, 462 U.S. at 236, 238-39; *see also United States v. Travisano*, 724 F.2d 341, 345 (2d Cir. 1983). Furthermore, reviewing courts "resolve any doubt about the existence of probable cause in favor of upholding the warrant," *United States v. Salameh*, 152 F.3d 88, 113 (2d Cir. 1998).

Courts "may conclude that a warrant lacks probable cause where the evidence supporting it is not sufficiently close in time to the issuance of the warrant that probable cause can be said to exist as of the time of the search—that is, where the facts supporting criminal activity have grown stale by the time that the warrant issues". *United States v. Raymonda*, 780 F.3d 105, 114 (2d 2015 (quotations omitted). However, the Second Circuit has "recognized that the determination of staleness in investigations involving child pornography is unique." *Id.* (citing *United States v. Irving*, 452 F.3d 110, 125 (2d Cir. 2006)). This is "[b]ecause it is well known that images of child pornography are likely to be hoarded by persons interested in those materials in the privacy of their homes." *Id.* (quotations omitted). Reaching that inference turns on whether "the suspect is a person

interested in images of child pornography," such that he would be prone to the proclivities of a collector of child pornography. *Id.* (quotations and citations omitted).

      **1.** 

Based on the totality of the circumstances set forth in ████████████████████ ████████████████, the Magistrate Judge had a substantial basis to conclude that evidence, fruits and instrumentalities ████████████████████████████████ ████████████████████ would be located at the subject premises—defendant's residence—and on electronic devices located therein.

Multiple jurisdictions, including the Second Circuit, have held that evidence of ████████ membership to an online child pornography website is sufficient to establish probable cause to obtain a search warrant of the premises of the alleged user when the primary purpose of the website is for the collection and distribution of child pornography because "[i]t is common sense that an individual who joins such a site would more than likely download and possess such material." *See e.g.*, *Martin*, 426 F.3d at 74-75 (finding probable cause where the purpose of the e-group "girls12-16" was to distribute child pornography); *United States v. Shield*, 458 F.3d 269 (3d Cir. 2006) (finding probable cause where defendant voluntarily registered with two e-groups devoted to distributing and collecting child pornography); *United States v. Froman*, 355 F.3d 882, 890-91 (5th Cir. 2004) ("[T]he magistrate was entitled to conclude that the overriding reason someone would join [a child pornography] group was to permit him to receive and trade child pornography.").

Even without membership to such a website, probable cause may be established where "similar circumstances" exist showing that an individual went to a website for the "purpose of finding child pornography." *See Raymonda*, 780 F.3d at 116. In *United States v. Falso*, the Second

Circuit considered whether allegations that the defendant "*appeared*" to "have gained *or* attempted to gain" access to a publicly available website containing approximately eleven images of child pornography, with no evidence that the defendant subscribed to a hidden portion of the website, was sufficient to establish probable cause to search the defendant's residence for evidence of child-pornography related crimes. *See* 544 F.3d 110, 117-121 (2d Cir. 2008). In doing so, the Second Circuit examined its precedential holding and analysis in *Martin*, including its reliance on the defendant's membership to the site at issue in that case and the conclusions drawn based on that membership. *Id.* However, the Second Circuit did not stop its analysis in *Falso* at membership, noting that "nothing in [*Martin*] should be read to require these conditions in all similar cases." *Id.* at 120. Yet, in *Falso*, the Court also distinguished *Martin* observing that unlike in *Martin* there was no allegation that the defendant in *Falso* actually accessed the website at issue, nor did the agent describe the website, establishing that its central purpose was to trade child pornography. *Id.* at 121 (citing *Martin*, 426 F.3d at 75). The Court ultimately found that it was not the lack of membership alone, but the inconclusive statements regarding access, "coupled with the absence of details about the features and nature of the non-member site, [that fell] short of establishing probable cause." *Id.* Later, in *Raymonda*, the Second Circuit made clear that the crux of the analysis for establishing probable cause in these types of cases is not necessarily membership, but whether "similar circumstances" exist showing that the defendant had a "demonstrable interest in" accessing or possessing child pornography. 780 F.3d at 116.

The defendant claims that ██████████████████████████████████████







████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████ Therefore, the Magistrate Judge had

a substantial basis to conclude that that there was a fair probability that evidence of the crimes

alleged would be located at the subject premises and on the electronic devices located therein. █

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████

**Finally**, the facts and information establishing probable cause here do not suffer from

staleness. ██████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[7] █████████████████████████████████████████████████
████████████████████████████

14

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████

These factors substantially support the Magistrate Judge's conclusion that there was a "fair probability" that evidence, fruits and instrumentalities ████████████████████ ████████████████████████████████████████ would be found at the subject premises and on the electronic devices located therein.

### B. EVEN IF THE SEARCH WARRANT WAS NOT SUPPORTED BY PROBABLE CAUSE, LAW ENFORCEMENT ACTED IN GOOD FAITH AND THE EVIDENCE SHOULD NOT BE SUPPRESSED

As set forth above, the accurate facts and information ████████████████████ provided the Magistrate Judge with ample bases to find that a "fair probability" to conduct the search. Even if that were not the case, though, exclusion is not appropriate or warranted here.

Evidence seized pursuant to a search warrant will be admissible even if the warrant lacks probable cause or is subsequently found defective if the executing officers relied upon it in "objective good faith." *United States v. Leon*, 468 U.S. 897, 920–24 (1984). "To trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully

deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system."

*Herring v. United States*, 555 U.S. 135, 144 (2009). Further, "suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule." *Leon*, 468 U.S. at 918. "When an officer genuinely believes that he has obtained a valid warrant from a magistrate and executes that warrant in good faith, there is no conscious violation of the Fourth Amendment, 'and thus nothing to deter.'" *Raymonda*, 780 F.3d at 118 (quoting *Leon*, 468 U.S. at 920-21).

The good faith exception does not apply:

> (1) where the issuing magistrate has been knowingly misled; (2) where the issuing magistrate wholly abandoned his or her judicial role; (3) where the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; and (4) where the warrant is so facially deficient that reliance upon it is unreasonable.

*Id.* (quotations and citation omitted). None of which exist here.

### 1.    The Affidavit Was Not "So Lacking In Indicia of Probable Cause"

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████  Even if those facts did not establish probable cause, the application was not so lacking in indicia of probable cause to render law enforcement's reliance upon it unreasonable. ████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████

The defendant more generally claims that the application was grossly deficient for other,

related reasons ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████

### 2.    The Magistrate Judge Was Not Knowingly Or Recklessly Misled

The Magistrate Judge was not knowingly or recklessly misled, nor misled based on gross

negligence, ████████. "Generally, the way a defendant demonstrates that statements in an

affidavit intentionally or recklessly misled a district court is through a *Franks* hearing." *Falso*, 544

F.3d at 125. However, a defendant is only entitled to such a hearing "where he or she makes a

'substantial preliminary showing' that a deliberate falsehood or statement made with reckless

disregard for the truth was included in the warrant affidavit and the statement was necessary to the

judge's finding of probable cause." *Id.* (quoting *Franks v. Delaware*, 438 U.S. 154, 155-56, 170-

---

[8] ████████████████████████████████████████████████

████████████████████████

71 (1978). A showing that information on which the determination of probable cause hinged was intentionally omitted from a warrant application also qualifies. *See, e.g.*, *United States v. Awadallah*, 349 F.3d 42, 64 (2d Cir. 2003). The defendant has made no such showing here. A hearing is not warranted and exclusion would serve no deterrent purpose.

The defendant makes several broad, unsupported claims ██████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████ *Franks*, 438 U.S. at 171 ("[t]he challenger's attack must be more than conclusory").

The defendant's attempt at more specific claims also fail. ████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

18

Second, the defendant claims that

The remainder of the points raised by the defendant have been addressed above, including

that █████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████ Furthermore, the defendant again provides no proof to support

his allegations the contrary.

### C.      THE DEFENDANT'S CONFESSION IS ADMISSIBLE

While said in other words, the defendant argues that his written and recorded confessions must be suppressed as the fruit of the poisonous tree. *See* Def. Mem., Dkt. No. 44 at 14. Specifically, the defendant argues that his non-custodial and post-*Miranda* statements were the result of the search that he claims was not supported by probable cause. However, the tree here was not poisonous. As set forth in Section A above, the search warrant was supported by probable cause, and even if it was not, as set forth in Section B, officers executed the search warrant in good faith. Therefore, evidence and statements resulting from the search should not be suppressed, including the defendant's non-custodial and post-*Miranda* written and recorded admissions.[9]

---

[9] It does not appear that the defendant is otherwise contesting the admissibility of his non-custodial and post-*Miranda* admissions. Should the defendant make such an argument, the government requests

## <u>CONCLUSION</u>

For the reasons set forth above, the defendant's motion to suppress evidence and statements should be denied without a *Franks* hearing.

---

the ability to respond, as it is the government's position that the statements are admissible on all grounds.