IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    1:20-CR-335 (TJM) |
| | ) | |
| v. | ) | **STIPULATION AND ORDER** |
| | ) | **FOR CONTINUANCE** |
| **JACOB DELANEY** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

Scott Iseman, Esq., the attorney for Jacob Delaney having moved for a continuance of 90 days in the above-captioned action and Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Ashlyn Miranda, Assistant U.S. Attorney, appearing, having consented to the continuance and proposed the exclusion of the additional 90-day period of continuance under the Speedy Trial Act, the parties hereby stipulate and agree as follows:

1)  The prior proceedings in this case occurred as follows:

   a)  Date of arraignment (waived): November 4, 2020

   b)  Date of indictment: October 29, 2020

   c)  Defendant custody status: Released

      i)   Date United States moved for detention: December 13, 2019

      ii)  Date of detention hearing: December 13, 2019

      iii) Date detention decision issued: December 13, 2019

2)  The Court has previously ordered the following exclusions under the Speedy Trial Act:

   a)  Order dated November 19, 2020, excluded the period between and including November 19, 2020, until January 17, 2021.

   b)  The defendant filed a motion to suppress on January 29, 2021, and the government responded on March 3, 2021. The Court's decision is currently pending.

   c)  Order dated February 11, 2021, excluded the period between and including February 10, 2021, until April 10, 2021.

3) Jacob Delaney has requested the continuance based on the COVID-19 pandemic and to allow defense sufficient time to discuss discovery materials with the defendant and determine whether to resolve this matter short of trial or proceed to trial.

4) The parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial because the continuance is necessary for the following reasons:

### COVID-19 Pandemic

5) On March 13, 2020, the Court issued General Order No. 58, In Re: Coronavirus Public Emergency, most recently revised on March 3, 2021 continuing criminal (grand and petit) jury selections and jury trials scheduled to commence through May 15, 2021, unless otherwise directed by the presiding judge based on case-by-case exceptions. The order was issued and revised because of (a) the New York Governor's declaration of a public-health emergency in response to the spread of COVID-19, and (b) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. Pandemic, like natural disaster or other emergency, grants this Court the discretion to order an ends-of-justice continuance. *See United States v. Correa*, 182 F.Supp.2d 326, 329 (S.D.N.Y. 2001) (applying this requirement after the September 11, 2001 attacks and noting that "there is authority for granting [discretionary interests-of-justice exclusions] in the case of public emergency caused by a natural catastrophe"). Moreover, due to the restrictions imposed by current public-health concerns, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(7)(B)(iv).   Furthermore, trial

preparation necessarily involves close contact with witnesses, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of either or both of counsel and the witnesses. Trial in this matter is currently scheduled for May 10, 2021, which falls within the excluded time period established in General Order 58. For all of these reasons, an exclusion under 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv) is appropriate

### Reasons Unrelated to the COVID-19 Pandemic

6)      Defense counsel seeks additional time to review certain discovery materials with the defendant and determine whether to negotiate a disposition in this matter or proceed to trial, taking into account the exercise of due diligence. Based on these facts, the parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and is necessary in order to allow the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

7)      The parties stipulate and agree that a period of 90 days beginning on and including the date on which the Court signs the requested order shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: May 4, 2021                          ANTOINETTE T. BACON
                                            Acting United States Attorney


                                    By:     */s/ Ashlyn Miranda*
                                            Ashlyn Miranda
                                            Assistant United States Attorney
                                            Bar Roll No. 700218


                                            */s/ Scott Iseman*
                                            Scott Iseman, Esq.
                                            Attorney for Jacob Delaney
                                            Bar Roll No. 518859