# Green & Willstatter

Attorneys at Law
200 Mamaroneck Avenue
Suite 605
White Plains, New York 10601

———

Theodore S. Green
Richard D. Willstatter

(914) 948-5656
Fax (914) 948-8730

e-mail: willstatter@msn.com

April 28, 2022

Hon. Thomas J. McAvoy
Senior U.S. District Judge
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, New York 13901

Re: <u>United States v. Jacob Delaney</u>
1:20-CR-335 (TJM)

Dear Judge McAvoy:

Along with Scott W. Iseman, I represent Jacob Delaney in the above-captioned case.

This is an application for an order compelling the government to provide to the defense the draft application for a Pen Register Trap and Trace Device ("PRTT") to be placed onto Jacob Delaney's IP address.[1] On November 18, 2919, an FBI analyst sent a "lead" memorandum to their Albany Division recommending investigation into Mr. Delaney and his IP address. The memorandum (which was approved by an FBI Supervisor) was filed as Exhibit D to the defendant's pretrial motion. The memorandum showed that Mr. Delaney's IP address did not appear in government databases of IP addresses that had accessed child pornography sites. A "draft search warrant affidavit and a pen register/trap and trace pony" were attached for use by the Albany Division–but not disclosed to the defense. The agent wrote that, "A PRTT can be effective in determining whether Tor network traffic is coming from a residence." Dkt. 46, Exh. D at 6. In its decision denying suppression, the Court wrote that "[t]he failure to seek a PRTT, which might have provided additional corroboration for the FLA's determination, gives the Court some pause in determining whether probable cause existed." July 19, 2021 decision at 30. Sealed ECF No. 63.

Pen Register/Trap and Trace orders can authorize the government to "use a pen register and trap and trace device to identify the source and destination [IP] addresses,

---

[1] This letter refers to an exhibit and an order that were filed under seal. The government agrees that this letter motion with those references may be publicly filed, so long as the exhibit itself remains sealed.

along with the dates, times, durations, ports of transmission, and any Transmission Control Protocol ('TCP') connection data, associated with any electronic communications sent to or from a particular IP address." See *United States v. Ulbricht*, 858 F.3d 71, 95 (2d Cir. 2017)

The Pen Register Act, 18 U.S.C. 3121, *et seq*. provides that "no person may install or use a pen register or a trap and trace device without first obtaining a court order under section 3123 of this title." 18 U.S.C. 3121(a). Applications for PRTTs are made pursuant to 18 U.S.C. § 3122. The applicant must certify to a court "that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b)(2). PRTTs can be used to obtain "IP address routing data." *Ulbricht*, 858 F.3d at 98. The draft PRTT application would illustrate how the FBI believed that a PRTT would show whether Jacob Delaney was then accessing the Tor network and/or known child pornography websites.

We believe the draft PRTT application is relevant to the issues that will be raised on appeal from the Court's denial of the defendant's motion to controvert the search warrant and for suppression of its fruits and is "favorable" within the meaning of *Brady* and the Court's Rule 5(f) order (Dkt. 39) and is required to be produced under the Due Process Clause as well as Rule 16.

Typically, applications for PRTT orders explain why the agents think the PRTT will yield relevant information. As we point out above, Section 3122(b) says the agent must certify that the information likely to be obtained is relevant to an ongoing criminal investigation. But if that was all the application said, there would be no reason for the government to resist disclosure. In our experience, it is likely that the agent explained how the PRTT could reveal whether the Target was accessing the Tor network and other non-dark web CP sites. In their applications, agents typically allege that CP users will continue to use the web to find more CP.

The very fact that the agent who wrote the November 19, 2019 memo recommended that a PRTT should be obtained and drafted a proposed PRTT application shows that they thought it would yield data that could support a search warrant application.

At least four federal district courts have found that the government is obligated to produce *Brady* information in connection with suppression issues.

The Second Circuit has not yet ruled on whether *Brady* applies in the context of a motion to suppress or the like. *See United States v. Nelson*, 193 Fed. App'x 47, 50 (2d Cir. 2006) ("Whether *Brady* and its progeny require disclosures in advance of pre-trial hearings is an open question in this circuit."). Three courts in this district have assumed arguendo that it does, though only to conclude that the Government did not violate any potential *Brady* requirements. *See United States v. Barcelo*, 05-cr-3315, 2014 U.S. Dist. LEXIS 113906, 2014 WL 4058066, at *8 (S.D.N.Y. Aug. 15, 2014) (Sullivan, J.); *United States v. Thomas*, 981 F. Supp. 2d 229, 245 (S.D.N.Y.

2013) (Pauley, J.); *United States v. Rajaratnam*, 09-cr-1184, 2010 U.S. Dist. LEXIS 41656, 2010 WL 1691745, at *1 (S.D.N.Y. Apr. 27, 2010) (Holwell, J.).

*United States v. White*, 489 F. Supp. 3d 274, 280 (S.D.N.Y. 2020) (due process requires the government to produce information that is potentially helpful to a defendant's motion to suppress).

We understand the government opposes this application, however.

Very truly yours,

*/s/ Richard D. Willstatter*
RICHARD D. WILLSTATTER
Bar Roll Number: 508837

cc: Scott W. Iseman, Esq.
Iseman PLLC
125 High Rock Ave.
Saratoga Springs, NY 12866

Richard D. Belliss
Office of United States Attorney - Albany
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, NY 12207-2924