# ISEMAN PLLC
LAW OFFICE OF SCOTT ISEMAN
125 HIGH ROCK AVENUE, SUITE 215-H
SARATOGA SPRINGS, NY 12866
scott@scottisemanlaw.com
518-416-2158

**Via ECF**
Hon. Thomas J. McAvoy
Senior U.S. District Judge
Federal Building & U.S Courthouse
15 Henry Street
Binghamton, NY 13901

      Re:    United States v. Delaney
                 1:20-CR-000335-TJM
                 *Letter Request Regarding Bail Pending Appeal or self-surrender*

Dear Judge McAvoy,

    I represent the defendant, Jacob Delaney in the above matter. I write to request that the court grant Jacob bail pending appeal pursuant to 18 U.S.C § 3143(b) as Jacob has demonstrated by clear and convincing evidence over the two and a half years this matter has been pending that he is not a risk of flight, a danger to anyone's safety, that delay is not the purpose of the appeal, and Jacob's appeal raises a substantial question of law and/or facts that will likely result in reversal. 18 U.S.C. § 3143(b)(2)(B); *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985).

    The issue on appeal is whether the search warrant that led to seizing the contraband at issue here is supported by probable cause. Although the court ███████████████████████████████████████████████████████████ kt. No. 63 at 27. The court also observed that the defendant's staleness argument presented the court with another "███████". *Id.* at 40. As a result, the issue of whether the warrant was supported by probable cause is a non-frivolous, "substantial" or "close" question that could very well be decided the other way, and is "so integral to the merits of the conviction … that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Randell*, 761 F.2d at 125.

    Based on the above, we request the court grant Jacob bail pending appeal and continue him under his present conditions which include house arrest with electronic monitoring and supervision of pretrial services. Jacob will also be able to continue with his mental health treatment during the pendency of his appeal. Jacob has successfully complied with these conditions for more than two years, demonstrating that he is not a risk to reoffend or fail to comply.

  Should the court deny our motion and remand Jacob, we request that he be permitted to self-surrender to the facility designated by the Bureau of Prisons. I will not repeat the many reasons I outlined in my Sentencing Memorandum where I first articulated this request but note that enclosed with this application is a letter from Jacob's mother, Dina Delaney, specifically requesting that Jacob be permitted to self-surrender and personally guaranteeing that she and her husband, Tom, will take responsibility for transporting and surrendering Jacob at the appropriate time and location to begin his sentence.

  Tom and Dina will be in court on Thursday, May 12th for sentencing and are prepared to answer any questions to alleviate any concerns that the court may have with permitting Jacob to self-surrender.

        Respectfully,

        Iseman PLLC

        By: *[signature]*

        Scott Iseman
        Attorney

Encl.
cc: All parties (ECF)