# Green & Willstatter
### Attorneys at Law
200 Mamaroneck Avenue
Suite 605
White Plains, New York 10601

Theodore S. Green
Richard D. Willstatter

(914) 948-5656
Fax (914) 948-8730

e-mail: willstatter@msn.com

May 16, 2022

Hon. Thomas J. McAvoy
Senior U.S. District Judge
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, New York 13901

Re: <u>United States v. Jacob Delaney</u>
1:20-CR-335 (TJM)

Dear Judge McAvoy:

      This is an application to unseal the documents that were filed in support of and opposition to the defendant's pretrial motions and those portions of the Court's decision (Dkt. 65) that was sealed for use in connection with the defendant's appeal to the Second Circuit. Prior defense counsel, Scott Iseman, initially consented to the sealing of these documents, but we now move for them to be unsealed. We understand the government opposes this motion on grounds, as previously articulated in its motion to seal (Dkt. 98) and the email attached to its May 2, 2022 opposition (97 at 4) to our motion to compel in which a DOJ attorney advised the NDNY prosecutor that "there are currently other Project Jarvis cases pending litigation."

      We also understand the Court granted the government's sealing order. Dkt. 104. However, we argue that (1) unsealing should be granted for the pretrial motion, opposition, and decision beyond the FD 1057 and (2) respectfully contend the Court's decision to continue sealing is erroneous.

      The government proffered reason for sealing is patently insufficient. The target site ceased operating in June 2019. The government does not contend there is any pending criminal investigation. They say, instead, that there is "pending litigation" which we take to mean DOJ has criminal prosecutions pending against other defendants. This is not a ground for the continued sealing of the materials in this case. The government has not and cannot demonstrate that public disclosure of an investigation that took place three years ago could unfairly prejudice the government in

its efforts to prosecute pending criminal cases.

The Court's decision relies on cases in which there were pending criminal investigations (Dkt. 104 at 10 quoting *United States v. Maxwell*, No. 20-CR-330 (AJN), 2021 WL 1063239, at *2 (S.D.N.Y. Mar. 18, 2021) and *Hillary v. Vill. of Potsdam*, No. 7:12-CV-1669 GLS/DEP, 2015 WL 902930, at *3 (N.D.N.Y. Mar. 3, 2015). Courts have ordered sealing where specific findings are made that the public release of documents would compromise the integrity and security of a law enforcement investigation. *In re Hornbeam Corp.*, No. 14-MC-424, 2022 U.S. Dist. LEXIS 3139, at *4-5 (S.D.N.Y. Jan. 6, 2022); *In re Sealed Search Warrants Issued June 4 & 5, 2008*, No. 08-M-208 (DRH), 2008 U.S. Dist. LEXIS 107711, 2008 WL 5667021, at *5 (N.D.N.Y. July 14, 2008). Yet, there is no authority we could find justifying a continued sealing in light of pending criminal prosecutions. As in *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409 (S.D.N.Y. 2014), the government provides no insight into how disclosure would prejudice the government in "pending litigation." *Id.* at 414 (denying application to seal).

The Court has already found that the FD-1057 is a judicial document. The same is true for the balance of the motion papers and the Court's decision. The strongest presumption attaches where the documents determine litigants' substantive rights. *Olson v. Major League Baseball*, 29 F.4th 59, 89 (2d Cir. 2022).

"The notion that the public should have access to the proceedings and documents of courts is integral to our system of government. To ensure that ours is indeed a government of the people, by the people, and for the people, it is essential that the people themselves have the ability to learn of, monitor, and respond to the actions of their representatives and their representative institutions." *United States v. Erie Cty.*, 763 F.3d 235, 238-39 (2d Cir. 2014) (reversing sealing order). In *Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019), the Second Circuit found the district court failed to give proper weight to the presumption of access, failed to review the documents individually and produce specific, on-the-record findings that sealing is necessary to preserve higher values, and there was no countervailing privacy interest sufficient to justify continued sealing. *Id.* at 48. A real danger of impairing law enforcement might justify sealing documents in a criminal proceeding. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Yet, even if the government is simultaneously prosecuting other people who allegedly accessed the same TOR network site, that does not demonstrate how unsealing Jacob Delaney's documents would impair DOJ's function in the other cases.

The appropriate focus of the inquiry of whether to unseal the documents is on the public's right to have access to judicial documents, which is "integral to our system of government." *United States v. Donato*, 714 F. App'x 75, 76-77 (2d Cir. 2018) quoting *Erie Cty.*, 763 F.3d at 238-39. The public should have that access in this case.

        Very truly yours,

        */s/ Richard D. Willstatter*
        RICHARD D. WILLSTATTER
        Bar Roll Number: 508837

cc: Richard D. Belliss
   Office of United States Attorney - Albany
   James T. Foley U.S. Courthouse
   445 Broadway, Room 218
   Albany, NY 12207-2924

   Scott W. Iseman, Esq.
   Iseman PLLC
   125 High Rock Ave.
   Saratoga Springs, NY 12866