# Green & Willstatter
Attorneys at Law
200 Mamaroneck Avenue
Suite 605
White Plains, New York 10601

Theodore S. Green
Richard D. Willstatter

(914) 948-5656
Fax (914) 948-8730

e-mail: willstatter@msn.com

May 20, 2022

Hon. Thomas J. McAvoy
Senior U.S. District Judge
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, New York 13901

Re: United States v. Jacob Delaney
1:20-CR-335 (TJM)

Dear Judge McAvoy:

This letter is respectfully submitted in reply to the government opposition (Dkt. 221) and in further support of the defendant's application to unseal (Dkt. 116).

The government identifies six categories of alleged "sensitive information" in support of continued sealing. Three of the categories relate to the identify of the foreign agency that provided information to United States law enforcement. As set forth in the government's submission, these are:

(i) The name of the Foreign Law Enforcement Agency (FLA) providing information concerning the broader investigation and information specific to the defendant's case;

(ii) The name of the country where the FLA operates;

(iii) FLA specific terms[.]

The government articulated no basis for sealing information about the country of origin of the foreign law enforcement agency, and in particular, how this would impact on any pending prosecutions or investigations. The government bears the burden of demonstrating that sealing is warranted. *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). It has not carried that burden.

"Under both the common law and the First Amendment, there is a strong presumption of public access to judicial documents[.]" *United States v. Leissner (In re New York Times)*, 799 Fed. Appx. 62, 65, 2020 U.S. App. LEXIS 7829, 2020 WL 1157030 (2d Cir. March 10, 2020). "In light of this strong First Amendment presumption, continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order[s] [are] narrowly tailored to achieve that aim." *Id*. quoting *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). The identity of the FLA, its conduct, and that of the agents are matters the public has a First Amendment right to know as they relate to the Nation's relations with foreign countries. Here, the government initially relied on a claim from a DOJ attorney that there "are currently other . . . cases pending litigation." (Dkt. 97 at 4) Now, we are told that DOJ attorneys are claiming, for the first time and only after seeing our opposition in which we argued that a claim of pending litigation was insufficient, that there are "ongoing investigations of subjects suspected of accessing the website at issue." Dkt. 221 at 3. However, even now no explanation is given as to how public disclosure of the information could jeopardize these alleged investigations

The three other categories relate more specifically to the investigation, to wit:

(iv) The name of the website targeted in this investigation;

(v) Information provided by the FLA to U.S. law enforcement agencies, including the FBI, relevant to the investigation; and

(vi) Paperwork provided by the FLA to U.S. law enforcement agencies, including the FBI, relevant to the investigation.

Once again, the government has not articulated how unsealing this information would jeopardize any pending criminal investigations of a website that has been shut down for three years. The continued sealing of these matters cannot be justified on the current record.

In the alternative, sealing should be limited to the name of the targeted website – *e.g.*, the parties and the court could refer to it instead as "the target website."

    Very truly yours,

    */s/ Richard D. Willstatter*
    RICHARD D. WILLSTATTER
    Bar Roll Number: 508837

cc:    Richard D. Belliss
       Office of United States Attorney - Albany
       James T. Foley U.S. Courthouse
       445 Broadway, Room 218
       Albany, NY 12207-2924

Scott W. Iseman, Esq.
Iseman PLLC
125 High Rock Ave.
Saratoga Springs, NY 12866