**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

——————————————————————————

**UNITED STATES OF AMERICA,**

        **v.**                                        **1:20-CR-335 (TJM)**

**JACOB DELANEY,**

              **Defendant.**

——————————————————————————

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

### I.    INTRODUCTION

Defendant Jacob Delaney applies through appellate counsel "to unseal the documents that were filed in support of and opposition to the defendant's pretrial motions and those portions of the Court's decision (Dkt. 65) that was sealed for use in connection with the defendant's appeal to the Second Circuit." Dkt. No. 116. The government opposes the application in part, Dkt. No. 121, and the defendant files a reply. Dkt. No. 122.

### II.    BACKGROUND

The Court presumes familiarity with the background of this case as set forth in the Court's redacted Decision and Order (Dkt. No. 65) addressing the defendant's motion to suppress. Suffice it to say that the search warrant was based upon information indicating that a user of the Internet account at the defendant's residence had been linked to an online community of individuals who regularly sent and received child pornography via a website

1

that operated on the Tor anonymity network.  The information linking the Internet account

user to a specific website in the Tor network (the "Target Website") came from a tip from a

foreign law enforcement agency ("FLA") that "obtained its information through an

independent investigation lawfully authorized in the FLA's country pursuant to its national

laws." Dkt. No. 65 at 32.  The FLA was not publicly identified.  Further, the afffiant in support

of the search warrant did not explain the specific technique that the FLA used to identify the

subject IP address as having accessed the target website, but did indicate that the FLA has

a long history of providing reliable information and is a known and respected foreign law

enforcement agency.  *See id.*

In this case, the government was granted protective orders covering the search

warrant affidavit, *see* Dkt. No. 22, and covering certain discovery material provided by the

government. *See* Dkt. No 38.  The reasons for seeking, and the bases for granting, the

protective orders were that the information covered by the protective orders purportedly

concerned sensitive law enforcement information related to the ongoing investigations of

investigative targets suspected of engaging in online child sexual exploitation, the

dissemination of which the government asserted could seriously jeopardize those continuing

investigations. *See* Dkt. No. 21; Dkt. No. 22, p. 3, ¶ 4; Dkt. No. 37 at 1-3;  Dkt. No. 38 at ¶¶

1, 6.  The defendant did not object to or oppose the entry of either protective order. *See*

Dkt. No. 21 at 2; Dkt. No. 37 at 6.  Because materials the Court considered on the

suppression motion were covered by the protective orders, the Court issued its decision

under seal and directed the parties "to consult with each other and . . .  present to the Court

a jointly-agreed upon proposed redacted Decision and Order that does not disclose

information that might jeopardize the Government's continuing investigations but that also

satisfies the governing legal standard for public access to court documents discussed in

*Lugosch v. Pyramid Co. of  Onondaga County*, 435 F.3d 110, 119-27 (2d Cir. 2006)." Dkt.

No. 65 at 54.  This resulted in the redacted Decision and Order, Dkt. No. 65.

As defense counsel acknowledges, the defendant's trial counsel initially consented to

the sealing of documents that were filed in support of and in opposition to the defendant's

pretrial motions and those portions of the Court's decision that remained sealed (Dkt. No.

65). Dkt. No. 116.   But, the defendant argues, he now wants to have these materials

unsealed. *Id.*   The defendant further argues that the government's previously articulated

reason for sealing Special Agent Diggons' November 18, 2019 FD-1057 that the

government attached to its opposition to the defendant's motion to produce, *see* Dkt. 98,

and the Court's decision to continue its sealing, *see* Dkt. No. 104, were improper because,

in the defendant's assessment, the government articulated only that there were pending

prosecutions against other defendants and not that there were ongoing criminal

investigations. *See* Dkt. No. 116 at 1-3.  The defendant reaches this assessment because,

although the government requested that the document be filed under seal pursuant to the

Court's December 17, 2020 Protective Order, and contended that Agent Diggons' FD-1057

contains law enforcement sensitive information, Dkt. No. 98, in its opposition to the

defendant's motion for an order compelling the government to produce the enclosures to

Agent Diggons' FD-1057 the government attached an email it sent to defense counsel

stating in part: "After speaking with a CEOS trial attorney, I have been advised that there

are currently other Project Jarvis cases pending litigation, and as such the government will

continue to seek that certain matters remain sealed and/or redacted."  Dkt. No. 97, at

CM/ECF p. 4.  Although the defendant did not raise the issue at the time, *see* Dkt. No. 100,

at 1,[1] he now contends:

> The government proffered reason for sealing is patently insufficient. The target site ceased operating in June 2019. The government does not contend there is any pending criminal investigation. They say, instead, that there is "pending litigation" which we take to mean DOJ has criminal prosecutions pending against other defendants. This is not a ground for the continued sealing of the materials in this case. The government has not and cannot demonstrate that public disclosure of an investigation that took place three years ago could unfairly prejudice the government in its efforts to prosecute pending criminal cases.

Dkt. 116 at 1-2.

The defendant also asserts that while the Court's decision on sealing the FD-1057

relies on cases in which there were pending criminal investigations, and while

acknowledging that "[c]ourts have ordered sealing where specific findings are made that the

public release of documents would compromise the integrity and security of a law

enforcement investigation," "there is no authority we could find justifying a continued sealing

in light of pending criminal prosecutions." Dkt. No. 116 at 2.  The defendant argues that

"[a]s in *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409 (S.D.N.Y. 2014), the

government provides no insight into how disclosure would prejudice the government in

'pending litigation.' *Id.* at 414 (denying application to seal)." Dkt. No. 116 at 2.  The

defendant further agues that "even if the government is simultaneously prosecuting other

people who allegedly accessed the same TOR network site, that does not demonstrate how

---

[1]In opposition to the government's application that Agent Diggons' FD-1057 be sealed, the defendant argued that "[t]he target site ceased operating in June 2019, nearly three years ago. We have no reason to believe that the public filing of the memorandum could seriously jeopardize any continuing investigations." Dkt. No. 100, at 1.

unsealing Jacob Delaney's documents would impair DOJ's function in the other cases." *Id.*

In opposition to the instant motion, and as discussed more fully below, the government contends that the law enforcement sensitive information in this case does concern ongoing investigations. *See* Dkt. No. 121.  The government contends that the law enforcement sensitive information in this case generally falls into one or more of the following categories:

(i)     The name of the Foreign Law Enforcement Agency (FLA) providing information concerning the broader investigation and information specific to the defendant's case;

(ii)    The name of the country where the FLA operates;

(iii)   FLA specific terms;[2]

(iv)   The name of the website targeted in this investigation;

(v)    Information provided by the FLA to U.S. law enforcement agencies, including the FBI, relevant to the investigation; and

(vi)   Paperwork provided by the FLA to U.S. law enforcement agencies, including the FBI, relevant to the investigation.

*Id.* at 1.

The government points out that the defendant's pleas of guilty in this case were conditional pleas and permitted him to appeal the Court's prior Decision and Order denying the defendant's motion to suppress. *See* Dkt. No. 67 at ¶ 7.  The government presents a table of the motions, opposition papers, reply briefs, supporting exhibits, and Court ruling which it contends are relevant for the defendant's appeal, and the sealing/redaction status, if any, of those filings.  Dkt. No. 121 at 2-3.  This table, which the defendant does not challenge, provides as follows:

---

[2]The Government notes that "[j]ust as someone who is familiar with U.S. federal law enforcement agencies would recognize a '302' as a report from the FBI, there are certain terms that are unique to the FLA." Dkt. No. 121, at 1, n. 1.

| Docket Number | Nature of Filing | Sealing / Redactions |
|---|---|---|
| 43 | Defense Notice of Motion | No Sealing / No Redactions |
| 44 | Defense Memorandum of Law in Support of Motion to Suppress | Filing not sealed, but contains select redactions of law enforcement (LE) sensitive information |
| 45 | Declaration of Defense Attorney Scott Iseman | Filing not sealed, but contains select redactions of LE sensitive information |
| 45-1 | Exhibit A to Defendant's Motion to Suppress | Filing not sealed, no reductions |
| 45-2 | Exhibit G to Defendant's Motion to Suppress | Filing not sealed, no reductions |
| 45-3 | Exhibit H to Defendant's Motion to Suppress | Filing not sealed, no redactions |
| 46 | Exhibit B (Written Materials from the FLA to the FBI discussing both the broader investigation and the investigation specific to the defendant) | Filing sealed in its entirety |
| | Exhibit C (Charter Communications subscriber information) | Filing sealed in its entirety |
| | Exhibit D (Agent Diggons' 11/18/2019 FD-1057) | Filing sealed in its entirety |
| | Exhibit E (Agent Fallon's 12/10/2019 search warrant application for the defendant's residence) | Filing sealed in its entirety |
| | Exhibit F (search warrant dated 12/10/2019 for the defendant's residence) | Filing sealed in its entirety |

|  | Exhibit I (FD-302 of 12/18/2019 summarizing the 12/12/2019 interviews of the defendant and referencing the targeted website) | Filing sealed in its entirety |
|---|---|---|
| 51-1 | Government Memorandum of Law in Opposition to Defendant's Motion to Suppress | Filing not sealed, but contains select redactions of LE sensitive information |
| 51-2 | Exhibit 1 to Government Opposition (recording of defendant's 12/12/2019 residence interview) | Filing sealed in its entirety |
| 51-3 | Exhibit 2 to Government Opposition (recording of defendant's 12/12/2019 Highland Station interview) | Filing sealed in its entirety |
| 51-4 | Exhibit 3 to Government Opposition (defendant's 12/12/2019 written Miranda waiver) | Filing sealed in its entirety |
| 51-5 | Exhibit 4 to Government Opposition (recording of defendant's 12/12/2019 post polygraph interview | Filing sealed in its entirety |
| 55 | Defense Reply Brief | Filing not sealed, but contains select redactions of law enforcement (LE) sensitive information |
| 65 | Decision and Order denying defense motion to suppress | Filing not sealed, but contains select redactions of law enforcement (LE) sensitive information |

*See id.* at 2-3.

The prosecutor asserts that "[a]fter further communications with two of the trial

attorneys from the Department of Justice's Child Exploitation and Obscenity Section

(CEOS) who are familiar with the FLA in this investigation, and who have worked with the

FLA on the broader investigation, I have learned that there are no longer reasons to seal

Exhibits C and F (*see* Dkt. No. 46) related to the defendant's motion to suppress, and

Exhibit 3 (*see* Dkt. No. 51-4) related to the government's opposition papers.  As such, the

government does not object to the aforementioned exhibits being unsealed and publicly

filed on the docket."  Dkt. No. 121, at 3.

The prosecutor further contends that "[t]he government continues to argue that the

remaining filings, as described in the table above, should continue to either remain entirely

sealed, or filed on the docket, but in their current redacted form. Not only are there ongoing

cases being prosecuted/litigated involving the website at issue, but there are ongoing

*investigations* of subjects suspected of accessing the website at issue." Dkt. No. 121, at 3

(emphasis in original).  The prosecutor further contends that "[t]he unsealing or un-redaction

of materials containing law enforcement sensitive information in this case could seriously

jeopardize the continuing broader investigation and other subjects of the broader

investigation.  As such, the government respectfully requests that the Court continue to

seal/redact the filings and information as described above pursuant to *Lugosch v. Pyramid*

*Co. of Onondaga County*, 435 F.3d 110, 119-27 (2d Cir. 2006)." *Id.*  at 3-4.

In his reply, the defendant assets that three of the six categories of alleged "sensitive

information" identified by the government relate to the identity of the foreign agency that

provided information to the United States law enforcement.  Dkt. No. 122.[3]  The defendant

asserts that the government has "articulated no basis for sealing information about the

country of origin of the foreign law enforcement agency, and in particular, how this would

impact on any pending prosecutions or investigations," and therefore has failed to meet its

burden of demonstrating a sealing is warranted.  Dkt. No., at 1.  The defendant further

argues that "[t]he  identity of the FLA, its conduct, and that of the agents are matters the

public has a First Amendment right to know as they relate to the Nation's relations with

foreign countries," and that although the government is now contending that there are

ongoing investigations of subjects suspected of accessing the website at issue, "no

explanation is given as to how public disclosure of the information could jeopardize these

alleged investigations."  *Id*. at 2.

The defendant also contends that with regard to the three other categories that relate

more specifically to the investigation, to wit:

(iv) The name of the website targeted in this investigation;

(v) Information provided by the FLA to U.S. law enforcement agencies, including the FBI, relevant to the investigation; and

(vi) Paperwork provided by the FLA to U.S. law enforcement agencies, including the FBI, relevant to the investigation,

"the government has not articulated how unsealing this information would jeopardize any

---

[3]The defendant asserts that these categories are:

(i) The name of the Foreign Law Enforcement Agency (FLA) providing information concerning the broader investigation and information specific to the defendant's case;

(ii) The name of the country where the FLA operates;

(iii) FLA specific terms[.]

pending criminal investigations of a website that has been shut down for three years. The continued sealing of these matters cannot be justified on the current record." Dkt. No. 122 at 2.   The defendant also asserts that "[i]n the alternative, sealing should be limited to the name of the targeted website – *e.g.*, the parties and the court could refer to it instead as "the target website." *Id*.

## III.   DISCUSSION

In light of the prosecutor's representation that certain documents no longer need to be sealed, the defendant's motion is granted to the extent that docket numbers 46-4 (Def. Ex. C, Charter Communications, Inc.'s subscriber information for the defendant's residence), 46-7 (Def. Ex. F, search warrant dated 12/10/2019 for the defendant's residence issued by Judge Stewart), and 51-4 (Gov. Ex. 3, the defendant's 12/12/2019 written *Miranda* waiver), are unsealed and may be posted on the public docket.

With regard to the other 12 documents or items identified in the Government's table that continue to be sealed in their entirety or sealed in part, the parties' arguments amount to the contentions that the documents or recordings should either continue to be sealed in their present fashion, or unsealed *in toto* (save for referring to the target website as the target website), because the information in these documents and recordings either would or would not jeopardize the ongoing criminal investigations the government represents exist. While resolution of this issue may ultimately prove determinative, the parties have not addressed the recognized three-step process under Second Circuit precedent for determining whether the documents or recordings should continue to be sealed in whole or in part, *see In re Search Warrant Dated Nov. 5, 2021*, No. 21MISC813ATSLC, 2021 WL

5830728, at *2 (S.D.N.Y. Dec. 7, 2021),[4] or whether some lesser manner of sealing than

currently exists could be narrowly tailored to preserve the common law and the First

Amendment presumption of public access to judicial documents. *See In re New York Times*,

799 F. App'x 62, 65 (2d Cir. 2020)(Summary Order)("Under both the common law and the

First Amendment, there is a strong presumption of public access to judicial

documents[.]")(citing *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019); *Lugosch*, 435 F.3d

at 121; *United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995)); *see id.* ("In light of [the]

strong First Amendment presumption, continued sealing of the documents may be justified

only with specific, on-the-record findings that sealing is necessary to preserve higher values

and only if the sealing order[] [is] narrowly tailored to achieve that aim.")(internal quotation

marks and citation omitted).  Given the relative complexity of the analysis to be applied to

the 12 remaining documents, briefing of the relevant issues should be presented by the

parties. This has not been done and therefore the Court orders further briefing by both

parties that addresses the issues relevant to the Court's decision here.  Because the

government bears the burden of demonstrating that the sealing of the documents should

continue, *see Hillary v. Vill. of Potsdam*, No. 7:12-CV-1669 GLS/DEP, 2015 WL 902930, at

*2 (N.D.N.Y. Mar. 3, 2015)("It is the burden of the party seeking to overcome the

---

[4] The court stated in *In re Search Warrant Dated Nov. 5, 2021*:

Within the Second Circuit, courts follow a three-step process for determining whether documents should be sealed in whole or in part. First, the Court must determine whether the item at issue is a "judicial document," that is, whether the item is "'relevant to the performance of the judicial function and useful in the judicial process.'" *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")).  Second, the Court "must determine the weight of that presumption [of access]," which is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id*. at 119.  Third, the Court must "balance competing considerations against" the weight of the presumption. *Id.* at 120.

presumption of access to demonstrate the need to keep the materials under seal.")(citing

*DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir.1997)), the government

will be required to file its briefing first.  After the parties submit their briefing, the Court will

render a decision forthwith.

**IV.   CONCLUSION**

For the reasons set forth above, the defendant's motion to unseal documents in this

case, Dkt. No. 116, is GRANTED in part and RESERVED in part.  The motion is granted to

the extent that docket numbers 46-4 (Def. Ex. C, Charter Communications, Inc.'s subscriber

information for the defendant's residence), 46-7 (Def. Ex. F, search warrant dated

12/10/2019 for the defendant's residence issued by Judge Stewart), and 51-4 (Gov. Ex. 3,

the defendant's 12/12/2019 written *Miranda* waiver), are unsealed and may be posted on

the public docket.  The Court reserves decision in all other respects.  The government is

directed to file briefing consistent with this Decision and Order within two (2) weeks of the

date of this decision, and the defendant is directed to file its response thereto within two (2)

weeks after the government files its briefing.

**IT IS SO ORDERED.**

Dated: June 30, 2022

Thomas J. McAvoy
Senior, U.S. District Judge