

**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

| | |
|---|---|
| *445 Broadway, Room 218* | *Tel.: (518) 431-0247* |
| *James T. Foley U.S. Courthouse* | *Fax: (518) 431-0249* |
| *Albany, New York 12207-2924* | |

July 6, 2022

Honorable Thomas J. McAvoy
Senior U.S. District Judge
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, New York 13901

      Re:    *United States v. Jacob Delaney*, 20-CR-00335 (TJM)

Dear Judge McAvoy,

      This letter is respectfully submitted in response to the Court's Decision & Order dated June 30, 2022 (*see* Dkt. No. 125) which directed the government to provide its arguments, using the three-step analysis as set forth in *Lugosch v. Pyramid Co. of Onondaga County*, 435 F.3d 110, 119-20 (2d Cir. 2006), for the continued sealing / redaction of materials filed in support of, and opposition to, the defendant's pre-trial motion to suppress.

      As previously briefed to the Court, the law enforcement sensitive information in this case generally falls into one or more of the following categories:

    (i)     The name of the Foreign Law Enforcement Agency (FLA) providing information concerning the broader investigation and information specific to the defendant's case;

    (ii)    The name of the country where the FLA operates;

    (iii)   FLA specific terms;[1]

    (iv)   The name of the website targeted in this investigation;

    (v)    Information provided by the FLA to U.S. law enforcement agencies, including the FBI, relevant to the investigation; and

    (vi)   Paperwork provided by the FLA to U.S. law enforcement agencies, including the FBI, relevant to the investigation.

      As the District Court held in *In re Search Warrant Dated Nov. 5, 2021*, No. 21MISC813ATSLC, 2021 WL 5830728, at *2 (S.D.N.Y. Dec. 7, 2021):

---

[1] Just as someone who is familiar with U.S. federal law enforcement agencies would recognize a "302" as a report from the FBI, there are certain terms that are unique to the FLA.

Letter to Judge McAvoy
*United States v. Jacob Delaney*
20-CR-00335 (TJM)
July 6, 2022
Page 2

Within the Second Circuit, courts follow a three-step process for determining whether documents should be sealed in whole or in part. First, the Court must determine whether the item at issue is a "judicial document," that is, whether the item is "'relevant to the performance of the judicial function and useful in the judicial process.'" *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")). Second, the Court "must determine the weight of that presumption [of access]," which is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id*. at 119. Third, the Court must "balance competing considerations against" the weight of the presumption. *Id*. at 120.

In evaluating the first step, a court "must assess whether 'the item filed [is] relevant to the performance of the judicial function and useful in the judicial process.'" *Id*. at *2 (citing *Amodeo I*, 44 F.3d at 145). "Search warrant applications require the close and careful scrutiny of a judicial officer, and are thus judicial documents." *See In re Search Warrant*, No. 16 MAG 7063 (PKC), 2016 WL 7339113, at *2 (S.D.N.Y. Dec. 19, 2016).

With respect to the second-step, the government acknowledges that courts routinely determine that search warrant materials are "entitled to a strong presumption of public access." *See In re Search Warrant Dated Nov. 5, 2021*, 2021 WL 5830728, at *4 (quoting *United States v. Cohen*, 366 F.Supp. 3d 612, 621 (S.D.N.Y. 2019)). However, there can be countervailing factors, such as the need to not jeopardize an ongoing criminal investigation, that work against the presumption of public access. *See id.* at *3 (citing *United States v. Amodeo*, 71 F.3d 104, 1048, 1050 (2d Cir. 1995)).

In the third-step, a court "must balance competing considerations" against the presumption of public access. *See In re Search Warrant Dated Nov. 5, 2021*, 2021 WL 5830728, at *4 (quoting *Amodeo*, 71 F.3d at 1050). As the court held in the aforementioned case, law enforcement's interest in not having one of its ongoing criminal investigations be compromised by the public disclosure of sensitive information contained within search warrant materials can serve as a "strong countervailing factor" against disclosure, and cause a court to hold that the balancing required ultimately comes out in favor of the government. *Id*. at * 6-8. The government further submits that U.S. law enforcement has an important public safety interest in receiving valuable investigative information from foreign law enforcement agencies on criminal investigations that span international borders, and that certain foreign law enforcement agencies prefer that their sharing of information with the United States on particular investigations remain confidential. In this case, the FLA wishes that its sharing of information with the FBI and the details of the information it shared remain confidential to the greatest extent possible.

Letter to Judge McAvoy
*United States v. Jacob Delaney*
20-CR-00335 (TJM)
July 6, 2022
Page 3

     The table below details the motions, opposition papers, reply briefs, supporting exhibits, and Court ruling relevant for the defendant's appeal, and the sealing / redaction status, if any, of those filings:

| Docket Number | Nature of Filing | Current Status of Sealing or Redactions | Position of the Government |
|---|---|---|---|
| 43 | Defense Notice of Motion | No Sealing / No Redactions | The sealing issue is moot for this document as it is already publicly filed in its entirety. |
| 44 | Defense Memorandum of Law in Support of Motion to Suppress | Filing not sealed, but contains select redactions of law enforcement (LE) sensitive information | A redacted version of this document is already publicly filed.  The government argues that the redacted portions of the document should remain sealed / redacted as they relate to the six categories set forth in page one of this letter. |
| 45 | Declaration of Defense Attorney Scott Iseman | Filing not sealed, but contains select redactions of LE sensitive information | A redacted version of this document is already publicly filed. The government argues that the redacted portions of the document should remain sealed / redacted as they relate to the six categories set forth in page one of this letter. |
| 45-1 | Exhibit A to Defense Motion to Suppress | Filing not sealed, no redactions | The sealing issue is moot for this document as it is already publicly filed in its entirety. |
| 45-2 | Exhibit G to Defense Motion to Suppress | Filing not sealed, no redactions | The sealing issue is moot for this document as it is already publicly filed in its entirety. |
| 45-3 | Exhibit H to Defense Motion to Suppress | Filing not sealed, no redactions | The sealing issue is moot for this document as it is already publicly filed in its entirety. |

Letter to Judge McAvoy
*United States v. Jacob Delaney*
20-CR-00335 (TJM)
July 6, 2022
Page 4

| 46 | Exhibit B to Defense Motion to Suppress (Written Materials from the FLA, on FLA letterhead, to the FBI discussing both the broader investigation and the investigation specific to the defendant) | Filing sealed in its entirety | The government argues that the document should remain sealed in its entirety as it contains information relating to the six categories set forth in page one of this letter. |
|---|---|---|---|
| | Exhibit C (Charter Communications subscriber information) | Filing sealed in its entirety | This document is to be unsealed in its entirety based on the government's previous concession and the court's order of June 30, 2022. |
| | Exhibit D (Agent Diggons' 11/18/2019 FD-1057 describing the background of the broader investigation and the child pornography website at issue, along with the FLA's role in providing information specific to the defendant's case) | Filing sealed in its entirety | The government argues that the document should remain sealed as it contains information relating to the six categories set forth in page one of this letter. |
| | Exhibit E (Agent Fallon's 12/10/2019 search warrant application and supporting affidavit for the defendant's residence which includes details about how the FLA provided information on the broader investigation and the child pornography website at issue, along with information that was specific to the defendant) | Filing sealed in its entirety | The government argues that the document should remain sealed as it contains information relating to the six categories set forth in page one of this letter. |

Letter to Judge McAvoy
*United States v. Jacob Delaney*
20-CR-00335 (TJM)
July 6, 2022
Page 5

|  | Exhibit F (search warrant dated 12/10/2019 for the defendant's residence) | Filing sealed in its entirety | This document is to be unsealed in its entirety based on the government's previous concession and the court's order of June 30, 2022. |
|---|---|---|---|
|  | Exhibit I (FD-302 of 12/18/2019 summarizing the 12/12/2019 interviews of the defendant and referencing the targeted website which contained child pornography files accessed by the defendant and other targets of investigation) | Filing sealed in its entirety | The government argues that the document should no longer be sealed in its entirety.  Rather, the government argues that references to the child pornography website at issue should be redacted from paragraph #2 of the document, and that the remainder of the document should be publicly filed. |
| 51-1 | Government Memorandum of Law in Opposition to Defendant's Motion to Suppress | Filing not sealed, but contains select redactions of LE sensitive information | A redacted version of this document is already publicly filed.  The government argues that the redacted portions of the document should remain sealed / redacted as they relate to the six categories set forth in page one of this letter. |
| 51-2 | Exhibit 1 to Government Opposition (recording of defendant's 12/12/2019 residence interview in which he makes reference to the targeted website which contains child pornography files accessed by the defendant and other targets of investigation) | Filing sealed in its entirety | The government argues that the recording should remain sealed in its entirety as it makes reference to the targeted website which contains child pornography files accessed by the defendant and other targets of investigation. |

Letter to Judge McAvoy
*United States v. Jacob Delaney*
20-CR-00335 (TJM)
July 6, 2022
Page 6

| 51-3 | Exhibit 2 to Government Opposition (recording of defendant's 12/12/2019 Highland Station interview in which he makes reference to the targeted website which contains child pornography files accessed by the defendant and other targets of investigation) | Filing sealed in its entirety | The government argues that the recording should remain sealed in its entirety as it makes reference to the targeted website which contains child pornography files accessed by the defendant and other targets of investigation. |
|---|---|---|---|
| 51-4 | Exhibit 3 to Government Opposition (defendant's 12/12/2019 written *Miranda* waiver) | Filing sealed in its entirety | This document is to be unsealed in its entirety based on the government's previous concession and the court's order of June 30, 2022. |
| 51-5 | Exhibit 4 to Government Opposition (recording of defendant's 12/12/2019 post polygraph interview in which he makes reference to the targeted website which contains child pornography files accessed by the defendant and other targets of investigation) | Filing sealed in its entirety | The government argues that the recording should remain sealed in its entirety as it makes reference to the targeted website which contains child pornography files accessed by the defendant and other targets of investigation. |
| 55 | Defense Reply Brief | Filing not sealed, but contains select redactions of law enforcement (LE) sensitive information | A redacted version of this document is already publicly filed.  The government argues that the redacted portions of the document should remain sealed / redacted as they relate to the six categories set forth in page one of this letter. |

Letter to Judge McAvoy
*United States v. Jacob Delaney*
20-CR-00335 (TJM)
July 6, 2022
Page 7

| 65 | Decision and Order denying defense motion to suppress | Filing not sealed, but contains select redactions of law enforcement (LE) sensitive information | A redacted version of this document is already publicly filed.  The government argues that the redacted portions of the document should remain sealed / redacted as they relate to the six categories set forth in page one of this letter. |
|---|---|---|---|

Finally, as previously communicated to the Court, not only are there ongoing cases being prosecuted / litigated involving the website at issue, but there are ongoing *investigations* of subjects suspected of accessing the website at issue.  Unsealing or un-redacting documents and materials beyond what is set forth in the table above could seriously jeopardize (i) the continuing broader investigation, and the investigation of other subjects suspected of accessing the child pornography website at issue, by alerting these targets to the name of the website at issue and providing them an opportunity to destroy evidence, flee and/or alert other offenders; and (ii) the United States' and the FBI's professional relationship with the FLA, and the future willingness of the FLA and other similar law enforcement agencies to provide information and evidence about criminal activity connected to the United States or its citizens.

Thank you.

Sincerely,

CARLA B. FREEDMAN
UNITED STATES ATTORNEY

BY:    *Richard Belliss*
RICHARD D. BELLISS
Assistant U.S. Attorney
Bar Roll Number: 515295
United States Attorney's Office
James T. Foley U.S. Courthouse
445 Broadway
Albany, N.Y. 12207
Telephone: (518) 431-0247
Fax: (518) 431-0249
E-mail: richard.belliss@usdoj.gov

Letter to Judge McAvoy
*United States v. Jacob Delaney*
20-CR-00335 (TJM)
July 6, 2022
Page 8


Copy to:          Scott W. Iseman, Esq.                                   (via ecf)
                  Iseman PLLC
                  125 High Rock Avenue
                  Saratoga Springs, NY 12866

                  Richard D. Willstatter, Esq.                            (via ecf)
                  Green & Willstatter
                  200 Mamaroneck Avenue
                  Suite 605
                  White Plains, NY 10601