# Green & Willstatter
Attorneys at Law
200 Mamaroneck Avenue
Suite 605
White Plains, New York 10601

Theodore S. Green  
Richard D. Willstatter

(914) 948-5656  
Fax (914) 948-8730

e-mail: willstatter@msn.com

July 7, 2022

Hon. Thomas J. McAvoy  
Senior U.S. District Judge  
Federal Building and U.S. Courthouse  
15 Henry Street  
Binghamton, New York 13901

Re: <u>United States v. Jacob Delaney</u>  
1:20-CR-335 (TJM)

Dear Judge McAvoy:

This letter is respectfully submitted in further support of the defendant's application to unseal (Dkt. 116) and in response to the government's supplemental filing (Dkt. 127) dated July 6, 2022.

In its filing, the government acknowledges that (1) the documents in question are "judicial documents," and (2) there is a strong presumption of public access for these documents. (Dkt. 127 at 2).

The government has not acknowledged, but this Court has found, that the government bears the burden to demonstrate the need for continued sealing of the documents that can only be justified with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim. (Dkt. at 11-12) Even after being given (by the Court's June 30, 2022 order) an additional chance to justify sealing of the documents, the government has utterly failed to provide sufficient reasons for continued sealing.

The government provides two reasons for continued sealing.

<u>The Claim that There are Ongoing Investigations</u>

Although the government initially claimed there were only ongoing prosecutions of others who accessed the target website, on May 20, 2022 the government first claimed that "there are ongoing *investigations* of subjects suspected of accessing the website." (Dkt. 121 at 3)(emphasis in original). This claim is repeated in the government's July 5, 2022 submission. In our reply to this argument, Mr. Delaney argued that "the government has not articulated how unsealing this information

would jeopardize any pending criminal investigations of a website that has been shut down for three years." (Dkt. 122 at 2)

Now, the government argues that unsealing the documents could seriously jeopardize the continuing broader investigation, and the investigation of other subjects suspected of accessing the child pornography website at issue, "by alerting these targets to the name of the website at issue and providing them an opportunity to destroy evidence, flee and/or alert other offenders." (Dkt. 127 at 7) The government's sole claim on this score is that its potential criminal targets could learn "the name of the website" and thereby learn they are the subject of the government's investigation of this site.

First, even if the name of the website is unsealed in this case, the government has never suggested that the targets of their supposed investigation are aware of this case. Nor have they provided any reason to believe that the potential targets would or do search PACER records of every CP investigation in our courts to find out if the FBI is onto them.

Second, even if the Court finds the name of the website should be redacted, that cannot justify the broad sealing order the government seeks. The public's right of access to the courts and their decisions is essential to our system of ordered liberty. *United States v. Erie Cty.*, 763 F.3d 235, 238-39 (2d Cir. 2014). A narrowly tailored order could provide for the sealing or redaction of the website's name, but could not justify more than that. The public's right to have access to judicial documents is "integral to our system of government." *United States v. Donato*, 714 F. App'x 75, 76-77 (2d Cir. 2018) quoting *Erie Cty.*, 763 F.3d at 238-39. The government has not even attempted to show how unsealing the rest of the documents could jeopardize an investigation. That is because it would not.

The FLA's Preference for Secrecy

For the first time, the government now says that the FLA "wishes that its sharing of information with the FBI and the details of the information it shared remain confidential to the greatest extent possible." (Dkt. 127 at 2) They argue that they have a "public safety interest" in receiving information from foreign law enforcement agencies and that the FLA prefers its information to remain confidential to the greatest extent possible. *Id.* Foreign governments are aware that, here in the United States, we have a system of government (including the First Amendment) with its demand for public access to judicial documents. The American system of government cannot be compromised because of the preferences of foreign governments.

When foreign law enforcement agencies provide information to this country that results in a criminal prosecution, these foreign governments know or should understand that our Constitution also contains a Sixth Amendment right to counsel. Here, the sealing order actually prohibits the defendant from possessing the documents on which his pending appeal is based, would require extensive redaction of the briefs to the Court

of Appeals, and would prohibit counsel from sharing his own briefs and the government's opposition with Jacob Delaney. (Dkt 38 at ¶ 4) Whatever preferences a foreign government has, the defendant's Sixth Amendment rights must be vindicated; counsel must be permitted to share the documents with his own client and his parents who are keenly interested in their son's welfare.

The prosecutor argued that unsealing of the documents in this case would "seriously jeopardize" the government's "professional relationship with the FLA, and the future willingness of the FLA and other similar law enforcement agencies to provide information and evidence about criminal activity connected to the United States or its citizens." (Dkt. 127 at 7) The prosecutor does not provide the basis for this claim. No affidavit or declaration has been submitted showing who said this is true or that the FLA or any other FLA said any such thing. The government also fails to describe what sort of "details" shared by the FLA purportedly raise a "public safety interest," or in what way. The Court cannot find, as a fact, that the FLA would stop sharing actionable information of criminal activity as a result of the public disclosure of its sharing information that caused the arrest of an American man, Jacob Delaney. The identity of the FLA, its conduct, and that of the agents are matters the public has a First Amendment and common law right to know as they relate to the Nation's relations with foreign countries.

The appeal concerns the use of information provided by a foreign government and relied upon by unquestioning agents and later by an unquestioning magistrate to obtain and approve a search warrant. The government's reliance on information claiming an American citizen violated a law to search his home, papers and effects is a topic that the public has a First Amendment right to learn about when this appeal is heard and decided.

Finally, it would be cumbersome in the extreme for the parties to have to file redacted briefs and materials under seal when the government simply cannot justify continued sealing. This Court's decision should be a matter of public record to which the Court of Appeals can refer in its own decision.

All the materials should be unsealed. In the alternative, sealing should be limited to the name of the targeted website – *e.g.*, the parties and the court could refer to it instead as "the target website."

Very truly yours,

*/s/ Richard D. Willstatter*
RICHARD D. WILLSTATTER
Bar Roll Number: 508837

cc:    Richard D. Belliss
       Office of United States Attorney - Albany
       James T. Foley U.S. Courthouse
       445 Broadway, Room 218
       Albany, NY 12207-2924