# Green & Willstatter
Attorneys at Law
200 Mamaroneck Avenue
Suite 605
White Plains, New York 10601

Theodore S. Green          (914) 948-5656
Richard D. Willstatter       Fax (914) 948-8730       e-mail: willstatter@msn.com

August 2, 2022

Hon. Thomas J. McAvoy
Senior U.S. District Judge
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, New York 13901

Re: <u>United States v. Jacob Delaney</u>
1:20-CR-335 (TJM)

Dear Judge McAvoy:

     On July 19, 2022, the Court filed an order, Dkt. 129, directing the government to provide proposed redactions to certain documents. The Court held that the defense would then have the opportunity to render objections if it should so desire, but objections were to be confined to "the suitability of the government's proposed redactions." Dkt. 129 at 19.

     On July 26, 2022, the government filed a letter indicating that it consented to unseal certain documents, but was providing proposed redactions to:

1. Dkt. No. 45 (Declaration of Defense Attorney Scott Iseman);
2. Dkt. No. 46, Exhibit D (Agent Diggons' 11/18/2019 FD-1057);
3. Dkt. No. 46, Exhibit E (Agent Fallon's 12/10/2019 search warrant application and supporting affidavit);
4. Dkt. No. 46, Exhibit I (FD-302 of 12/18/2019 summarizing the 12/12/2019 interviews of the defendant);
5. Dkt. No. 51-1 (Government Memorandum of Law in Opposition to Defendant's Motion to Suppress); and
6. Dkt. No. 65 (Decision and Order of 7/30/2021).

The government filed an initial set of redactions and, then, on Friday, July 29, 2022, it filed a revised set of redactions. On August 1, 2022, a second revised set of redactions for one document was filed.

  The government's proposed redactions include items we contend are not suitable for redaction. We understand the Court has ruled that the identity of the FLA and the name of the Target Website are to be continued under seal. However, the government's proposals extend beyond that limitation.

  As to Dkt. 45 (Declaration of Defense Attorney Scott Iseman), the proposed redactions include the type of report generated by the FLA. We object to the redaction of the name or type or report. See Dkt. 45, ¶ 7. Presumably, the government claims the description or type of "report" is an "FLA specific term" and therefore fits into its Category (iii). The government has argued that "[j]ust as someone who is familiar with U.S. federal law enforcement agencies would recognize a '302' as a report from the FBI, there are certain terms that are unique to the FLA." Dkt. No. 121, at 1, n. 1. But there is no such public understanding for the term used in the declaration or elsewhere that could be understood to identify the FLA or its national origin. There is not a single Google search response to this term. The description is, in fact, generic, unlike "FBI 302." Accordingly, there is no basis for redacting this term.

  As regards Dkt. 46, Exhibit E, Fallon's Search Warrant affidavit, the defendant has several objections.

1. The government proposes to redact from ¶15 of Fallon's affidavit a quoted description of the Target Website. Fallon's search warrant affidavit does not attribute this quotation to the Target Website itself. Accordingly, the government has not shown what person or agency provided this information to Fallon. In addition, there is nothing about this quotation that indicates the name of the site or the country of origin of the FLA. Further, the purported quotation claims that site moderators will seek to avoid harm to the community, so that cuts against probable cause. The only category that this information could fall into would be category "v," that is, "Information provided by the FLA to U.S. law enforcement agencies, including the FBI, relevant to the investigation." Yet, the Court's justification for continued sealing was justified on its agreement with the government that disclosure of certain information could jeopardize ongoing investigations or harm relations between the FLA and the government. There is nothing about the quotation in ¶15 that could jeopardize an investigation or harm relations with the FLA.

2. The government proposes to redact the "rules" of the Target Website described in ¶ 16 of Fallon's affidavit. There is nothing about these "rules" that is law enforcement sensitive. There is nothing about the rules referred to in ¶ 16 that could jeopardize an investigation or harm relations with the FLA.

3. The government proposes to redact the "sections" of the site described in ¶ 17 of Fallon's affidavit. These sections are claimed to be presented upon entry to the site. Two of the sections, if entered, are said to have presented "links" to specified topics, but there is nothing about the sections or the links referred to in ¶ 17 that

is law enforcement sensitive, that could jeopardize an investigation, or harm relations with the FLA .

4. The government proposes to redact ¶ 18 of Fallon's affidavit in which he indicates how images and videos were distributed through "links" to a completely different and unidentified file-hosting website (requiring registration) from which they could be downloaded. It was never claimed by Fallon or the FLA that Jacob Delaney registered for this other site or obtained contraband from it. This information is entirely relevant to the appeal in this case. At the heart of this case is the scanty information provided by the FLA upon which Fallon and the magistrate relied. There is nothing about the description of these links that could jeopardize an investigation or harm relations with the FLA.

5. The government proposes to redact from ¶ 20 of Fallon's affidavit the FLA's description of the Target Website including its focus on "sharing child abuse material" including "indecent" material. In addition, the proposed redactions include the fact that users were able to view "some material" without an account but needed an account to access the balance of the site's content. The FLA's description of the site is not law enforcement sensitive in any way. There is nothing about the description of the site or what one could view with and without an account that could jeopardize an investigation or harm relations with the FLA. Since it was not claimed that Jacob Delaney was thought to have obtained any such an account, the fact that someone could not access most of the content is certainly relevant to the appeal.

6. The government proposes to redact from ¶ 23 of Fallon's affidavit the fact that the Target Website was at one time in the past included in an unidentified "directory" found on the TOR network. A person must use directories to find content on the TOR network. "The Tor network may be used to access open-Internet websites like www.uscourts.gov or websites that operate exclusively on the Tor network, which are also known as 'hidden' or 'onion' services." *United States v. White*, 3:21-cr-155-DJH, 2022 U.S. Dist. LEXIS 41605, at *2 (W.D. Ky. Mar. 9, 2022). The fact that a target website was listed in a TOR directory was already made public in one of the cases cited by the Court in its July 19, 2022 order, *United States v. Stuart*, 21-CR-0007(LJV)(JJM), 2021 U.S. Dist. LEXIS 256352, at *12 (W.D.N.Y. Dec. 15, 2021)("the TARGET WEBSITE's address was listed on one or more directory sites on the Tor network"). This information is not law enforcement sensitive in any way. There is nothing about the Target Website's listing in an unspecified TOR directory that could jeopardize an investigation or harm relations with the FLA.

As regards Dkt. 51-1 (Government Memorandum of Law in Opposition to Defendant's Motion to Suppress), the government proposes to redact, from its own memorandum, the FLA's description of the Target Website and the alleged "sections" of that site. See Dkt. 51-1 at 4 and 12. As we pointed out regarding Fallon's affidavit, this

information is not law enforcement sensitive. It does not identify the FLA or even the website in any way that would obviously alert anyone to the government's alleged investigations.

On page 13, n. 6 of Dkt. 51-1, the government proposes to redact the type of report it received. As we argue above regarding Dkt. 45, ¶ 7, there is nothing about the adjective describing the report that identifies the FLA.

Finally, regarding Dkt. 65, the Court's decision and order, the government proposes to redact, from page 7 and 37 of the Decision, language in ¶ 17 of Fallon's affidavit concerning the "sections" of the site. For the reasons we argue above as to the search warrant application itself, this should be rejected. Likewise, the government proposes to redact, from page 8 of the Decision, ¶ 20 of Fallon's affidavit. For the same reasons we argue above, this proposed redaction should be rejected.

Although we understand the Court will not entertain further argument, we continue to press for the unsealing of material beyond that which is required to be sealed pursuant to Fed. R. Crim. P. 49.1.

Very truly yours,

*/s/ Richard D. Willstatter*
RICHARD D. WILLSTATTER
Bar Roll Number: 508837

cc:   Richard D. Belliss
      Office of United States Attorney - Albany
      James T. Foley U.S. Courthouse
      445 Broadway, Room 218
      Albany, NY 12207-2924

      Scott W. Iseman, Esq.
      Iseman PLLC
      125 High Rock Ave.
      Saratoga Springs, NY 12866