**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

          v.                                    **1:20-CR-335 (TJM)**

**JACOB DELANEY,**

                 **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION and ORDER

### I.    INTRODUCTION

In a July 19, 2022 Decision & Order, the Court addressed Defendant Jacob Delaney's motion to unseal documents in this matter. *See generally* Dkt. No. 129.[1] In opposition to unsealing certain documents, the government argued that some of the information in the documents contained law enforcement sensitive information falling into one or more of the following categories:

(i)    The name of the Foreign Law Enforcement Agency (FLA) providing information concerning the broader investigation and information specific to the defendant's case;

(ii)    The name of the country where the FLA operates;

(iii)    FLA specific terms;[2]

---

[1] Familiarity with this Decision & Order is presumed.

[2] The Government notes that "[j]ust as someone who is familiar with U.S. federal law enforcement agencies would recognize a '302' as a report from the FBI, there are certain terms that are unique to the FLA." Dkt. No. 121, at 1, n. 1.

1

> (iv) The name of the website targeted in this investigation;
>
> (v) Information provided by the FLA to U.S. law enforcement agencies, including the FBI, relevant to the investigation; and
>
> (vi) Paperwork provided by the FLA to U.S. law enforcement agencies, including the FBI, relevant to the investigation.

Dkt. No. 129 at 6-7 (quoting Dkt. No. 121 at 1; Dkt. No. 127 at 1).

The Court found that the government presented legitimate arguments concerning protection of ongoing criminal investigations and the maintenance of positive professional relationships with the FLA that outweighed the public's presumptive right of access to judicial documents rooted in both common law and the First Amendment. *See generally* Dkt. No. 129.  However, the Court also found that some of the government's continued sealing requests were too broad. *Id.*  The Court directed the government to prepare redacted versions of certain documents so that the documents are redacted only to exclude information the Court found outweighed the public's presumptive right of access. *See id.*  The Court held that the defense would then have the opportunity to render objections to the suitability of the government's proposed redactions. *Id.* at 19.

On July 26, 2022, the government filed a letter indicating that it consented to unsealing Dkt. No. 44 (Defense Memorandum of Law in Support of Motion to Suppress) and Dkt. No. 55 (Defense Reply Brief) without any redactions. *See* Dkt. No. 130.  In the same letter, the government indicated that it was providing the Court and the defense, via e-mail, proposed redactions (highlighted in pink) to the following documents:

- Dkt. No. 45 (Declaration of Defense Attorney Scott Iseman);

- Dkt. No. 46, Exhibit D (Agent Diggons' 11/18/2019 FD-1057);

2

    - Dkt. No. 46, Exhibit E (Agent Fallon's 12/10/2019 search warrant application and supporting affidavit);

    - Dkt. No. 46, Exhibit I (FD-302 of 12/18/2019 summarizing the 12/12/2019 interviews of the defendant);

    - Dkt. No. 51-1 (Government Memorandum of Law in Opposition to Defendant's Motion to Suppress);

    - Dkt. No. 65 (Decision and Order of 7/30/2021).

*Id.*

On July 29, 2022, the government provided a revised set of redactions for some documents, and on August 1, 2022, provided revised redactions for one document. On August 2, 2022, Defendant filed his objections. Dkt. No. 132.

## II.   DISCUSSION

### a.  Dkt. No. 45 (Declaration of Defense Attorney Scott Iseman)

As to Dkt. No. 45 (Declaration of Defense Attorney Scott Iseman), the proposed redactions include the type of report generated by the FLA. *See* Dkt. No. 45, ¶ 7. Defendant objects to this redaction.

In setting forth the law-enforcement-sensitive information that the government sought to protect, the government referenced the category of "FLA specific terms," and indicated in a footnote that "[j]ust as someone who is familiar with U.S. federal law enforcement agencies would recognize a '302' as a report from the FBI, there are certain terms that are unique to the FLA." *See* Dkt. No. 129 at 6-7. In his objections, Defendant asserts:

> "[T]here is no such public understanding for the term used in the declaration or elsewhere that could be understood to identify the FLA or its national origin. There is not a single Google search response to this term. The

3

>description is, in fact, generic, unlike "FBI 302." Accordingly, there is no basis for redacting this term.

Dkt. No. 132 at 2.

Despite Defendant's contention, the Court accepts the government's implicit representation that the specific term used is unique to the FLA and therefore may tip off a reader to the name of the FLA or the country in which it operates. The fact that the term used is generic and does not result in a Google search response does not necessarily mean that the term, in the context in which it is used, would not tip off a reader to the identify of the FLA or the country in which it operates.

Furthermore, the proposed redaction in the context in which it is used does not prevent the public from understanding the Court's decision on the suppression motion. In this regard, the government's proposed redaction provides: "Sometime in August 2019, the Federal Bureau of Investigation received a [redacted term] report from a foreign law enforcement agency ("FLA") [redacted name of the FLA].  A true and accurate copy of the [redacted term] report that was disclosed to the Defendant by the Government is attached as 'Exhibit B.'" Dkt. No. 45, ¶ 7.  The government's proposal references a report sent from the FLA to the Federal Bureau of Investigation, allowing the public to understand that the source of the information came from a foreign law enforcement agency without disclosing information that would tip off a reader to the name of the FLA or the country where it operates. The First Amendment and common law presumption of access to judicial documents as it pertains to the particular term used in this portion of the declaration does not outweigh law enforcement's interests in protecting its ongoing criminal investigations from compromise by public disclosure of sensitive information, and the government's

interest in maintaining a positive professional relationship with the FLA.  Defendant's objection in this regard is overruled.

### b.  Dkt. No. 46, Exhibit E  (Agent Fallon's 12/10/2019 search warrant application and supporting affidavit)

As regards Dkt. No. 46, Exhibit E (Agent Fallon's 12/10/2019 search warrant application and supporting affidavit), Defendant presents several objections.

#### 1. Description of the Target Website

The government proposes to redact from ¶ 15 of Agent Fallon's supporting affidavit a quoted description of the Target Website. Defendant objects to this redaction. *See* Dkt. No. 132 at 2.[3]  When read in context, the quoted language in ¶ 15 of Agent Fallon's affidavit is clearly from the Target Website.  However, the Court need not reach the question of whether this is law-enforcement-sensitive information that could tip off prospective targets because the government's proposed redactions of the Court's July 30, 2021 Decision & Order do not seek to redact this same language.  *See* Dkt. No. 65, at 6.  It would be counterintuitive to redact this language in one place and not in another.

---

[3]Defendant argues:

> Fallon's search warrant affidavit does not attribute this quotation to the Target Website itself. Accordingly, the government has not shown what person or agency provided this information to Fallon. In addition, there is nothing about this quotation that indicates the name of the site or the country of origin of the FLA.  Further, the purported quotation claims that site moderators will seek to avoid harm to the community, so that cuts against probable cause. The only category that this information could fall into would be category "v," that is, "Information provided by the FLA to U.S. law enforcement agencies, including the FBI, relevant to the investigation." Yet, the Court's justification for continued sealing was justified on its agreement with the government that disclosure of certain information could jeopardize ongoing investigations or harm relations between the FLA and the government. There is nothing about the quotation in ¶ 15 that could jeopardize an investigation or harm relations with the FLA.

Dkt. No. 132 at 2.

Accordingly, Defendant's objection in this regard is sustained. The government is directed to conform its final redactions of Agent Fallon's supporting affidavit accordingly.

### 2. The Rules of the Target Website

The government proposes to redact the "rules" of the Target Website described in ¶ 16 of Agent Fallon's affidavit. Defendant objects to this redaction, contending that "[t]here is nothing about these 'rules' that is law enforcement sensitive. There is nothing about the rules referred to in ¶ 16 that could jeopardize an investigation or harm relations with the FLA." Dkt. No. 132 at 2.

The proposed redaction to ¶ 16 of Agent Fallon's affidavit appears in unredacted form in the government's proposed redactions to the Court's July 30, 2021 Decision & Order. *See* Dkt. No. 65, at 7. Accordingly, Defendant's objection in this regard is sustained because, as indicated above, it would be counterintuitive to redact this information in one place and not in another. The government is directed to conform its final redactions of Agent Fallon's affidavit accordingly.

### 3. "Sections" of the Target Website

The government proposes to redact references to the "sections" of the Target Website as described in ¶ 17 of Agent Fallon's affidavit. Defendant objects to this redaction, contending "[t]hese sections are claimed to be presented upon entry to the site. Two of the sections, if entered, are said to have presented 'links' to specified topics, but there is nothing about the sections or the links referred to in ¶ 17 that is law enforcement sensitive, that could jeopardize an investigation, or harm relations with the FLA." Dkt. No. 132 at 2-3.

6

The proposed redaction to ¶ 17 of Agent Fallon's affidavit appears in substantially similar language in unredacted form in the government's proposed redactions to the Court's July 30, 2021 Decision & Order.  *See* Dkt. No. 65, at 36.  Accordingly, Defendant's objection in this regard is sustained because, as indicated above, it would be counterintuitive to redact this information in one place and not in another.  The government is directed to conform its final redactions of Agent Fallon's affidavit accordingly.

### 4. Description of How Images and Videos Are Trafficked

The government proposes to redact from ¶ 18 of Agent Fallon's affidavit information describing how images and videos are trafficked on the Target Website. Defendant objects to this redaction.  *See* Dkt. No. 132 at 3.[4]

Defendant's objection in this regard is sustained in part and overruled in part.  The government's proposed redactions to the Court's July 30, 2021 Decision & Order provide for much more limited redactions of this paragraph.  *See* Dkt. No. 65, at 7-8.  The unredacted inclusion of the information highlighted in pink on page 7 of Dkt. No. 65 could tip off readers familiar with this website to the government's investigation into individuals

---

[4]Defendant contends:

> The government proposes to redact ¶ 18 of Fallon's affidavit in which he indicates how images and videos were distributed through "links" to a completely different and unidentified file-hosting website (requiring registration) from which they could be downloaded. It was never claimed by Fallon or the FLA that Jacob Delaney registered for this other site or obtained contraband from it. This information is entirely relevant to the appeal in this case. At the heart of this case is the scanty information provided by the FLA upon which Fallon and the magistrate relied. There is nothing about the description of these links that could jeopardize an investigation or harm relations with the FLA.

Dkt. No. 132 at 3.

who have may accessed this particular website, in turn potentially jeopardizing the government's ongoing investigations. By the same token, it would be counterintuitive to redact from Dkt. No. 46, Exhibit E, ¶ 18, pp. 12-13 that which is not sought to be redacted from Dkt. No. 65, ¶ 18, pp. 7-8. Accordingly, Defendant's objection is sustained to the extent it is directed to information contained in Dkt. No. 46, Exhibit E, ¶ 18, pp. 12-13 that is not sought to be redacted from Dkt. No. 65, ¶ 18, pp. 7-8, and overruled to the extent it is directed to information that is sought to be redacted from Dkt. No. 65, ¶ 18, p. 7. The government is directed to present its final redactions to Agent Fallon's affidavit so that the redactions in Dkt. No. 46, Exhibit E, ¶ 18, pp. 12-13 conform with those in Dkt. No. 65, ¶ 18, pp. 7-8.

### 5. Description of the Target Website's Focus and Account Registration Requirement

The government proposes to redact from ¶ 20 of Agent Fallon's affidavit the FLA's description of the Target Website, including its focus and whether a user was required to have an account to access materials on the website. Defendant objects to these redactions, contending:

> The FLA's description of the site is not law enforcement sensitive in any way. There is nothing about the description of the site or what one could view with and without an account that could jeopardize an investigation or harm relations with the FLA. Since it was not claimed that Jacob Delaney was thought to have obtained any such an account, the fact that someone could not access most of the content is certainly relevant to the appeal.

Dkt. No. 132 at 3.

Defendant's objection in this regard is sustained. First, with regard to whether a user was required to have an account to access materials on the website, the exact same language from ¶ 20 of Agent Fallon's affidavit is presented in unredacted form in the

8

government's memorandum of law in opposition to suppression, Dkt. No. 51-1, at p. 4. As indicated above, it would be counterintuitive to redact this information in one place and not the other. Second, with regard to the language in Agent Fallon's affidavit at ¶ 20 about the "explicit focus" of the Target Website attributed to the FLA, the government also seeks to redact this language from its memorandum of law in opposition to suppression. *See* Dkt. No. 51-1 at p. 4. But immediately after this redaction request in the memorandum of law, the government provides unredacted language from Agent Fallon's affidavit that describes the website in substantially the same terms as described by the FLA. *See id.* (citing and quoting from Agent Fallon's affidavit at ¶ 15). Thus, the FLA's description of the site loses its law-enforcement-sensitive import, making the requested redactions in Agent Fallon's affidavit at ¶ 20, and in the government's memorandum of law at page 4, unnecessary. The government is directed to conform its final redactions of these documents accordingly.

### 6. Target Website's Inclusion in Unidentified Tor Directory

As Defendant notes, "[t]he government proposes to redact from ¶ 23 of Fallon's affidavit the fact that the Target Website was at one time in the past included in an unidentified 'directory' found on the TOR network." Dkt. No. 132 at 3. Defendant argues that this information "is not law enforcement sensitive in any way" because "[t]here is nothing about the Target Website's listing in an unspecified TOR directory that could jeopardize an investigation or harm relations with the FLA." *Id*. Defendant further argues that the fact that a Target Website was listed in a Tor directory was already made public in one of the cases cited by the Court in its July 19, 2022 order. *Id.* (citing *United States v.*

*Stuart*, No. 21-CR-0007(LJV)(JJM), 2021 WL 8441694, at *4 (W.D.N.Y. Dec. 15, 2021)("Although the TARGET WEBSITE'S address was listed on one or more directory sites on the Tor network advertising hidden services websites dedicated to the sexual exploitation of children, a user would also need to find the 16 or 56 character address for such a directory site in order to access it."), *report and recommendation adopted*, No. 21-CR-7-LJV-JJM, 2022 WL 1055151 (W.D.N.Y. Apr. 7, 2022)).

Defendant's objection in this regard is sustained. The proposed redaction is the last sentence of paragraph 23 of Agent Fallon's affidavit. *See* Dkt. No. 46, Exhibit E, ¶ 23, p. 15. This sentence appears in unredacted form in the government's proposed redactions to the Court's Decision & Order. *See* Dkt. No. 65, p. 10. As indicated above, it would be counterintuitive to redact this information in one place and not in another. Furthermore, at least one court has publicly reported that a Tor target website operating at approximately the same time as the Target Website was listed on one or more directory sites on the Tor Network. The government is directed to conform its final redactions of Agent Fallon's affidavit accordingly.

### c. Dkt. No. 51-1 (Government Memorandum of Law in Opposition to Defendant's Motion to Suppress)

As regards Dkt. No. 51-1 (Government Memorandum of Law in Opposition to Defendant's Motion to Suppress), Defendant presents several objections.

#### 1. FLA's Description of the Target Website and reference to the alleged "Sections" of that site.

Defendant objects to the government's proposed redactions of the FLA's description of the Target Website and reference to the alleged "sections" of that site. *See*

10

Dkt. No. 132 at 3 (citing Dkt. No. 51-1 at 4 and 12). Defendant argues that, as he argued in relation to Agent Fallon's affidavit, "this information is not law enforcement sensitive. It does not identify the FLA or even the website in any way that would obviously alert anyone to the government's alleged investigations." *Id*. at 3-4.

For reasons discussed in addressing the similar objections to Agent Fallon's affidavit, Defendant's objections in this regard are sustained. The government is directed to conform its final redactions of Dkt. No. 51-1 accordingly.

### 2. Type of Report Received from the FLA

Defendant also objects to the government's proposed redaction of the type of report the FBI received from the FLA as referenced on page 13, n. 6 of Dkt. 51-1. *See id.* at 4. Defendant argues that, as he argued regarding Dkt. 45, ¶ 7, "there is nothing about the adjective describing the report that identifies the FLA." *Id.*

Defendant's objection in this regard is overruled. As the Court stated in ruling on the similar objection to redaction of the type of report the FBI received from the FLA as referenced in Dkt. No. 45, ¶ 7, the Court accepts the government's implicit representation that the type of the report is unique to the FLA and thus disclosure of the particular name of the report could tip off readers to the identity or location of the FLA. This, in turn, could jeopardize ongoing investigations into individuals who have accessed the Target Website and jeopardize the government's professional relationship with the FLA. Furthermore, the proposed redaction and the way it is used does little to prevent the public from understanding of the Court's ruling on the suppression motion. The government's proposed redacted memorandum of law provides in unredacted form: "The information

11

that SA Fallon provided in the affidavit was consistent with information provided by the FLA, *see* Def. Ex. B, and the lead he received from FBI [sic], *see* Def. Ex. D (filed under seal)." Dkt. No. 51-1 at 12-13.  Where the government cites to Def. Ex. B, it provides a footnote that reads: "The government notes that the date reflected on page 2 of [type of report redacted] included in Def. Ex. B was automatically populated the last time the document was opened before provided it [sic] to the defendant. That does not reflect the date on which it was provided to the FBI." *Id.* at 13, n. 6.  As indicated above, the government's proposed redaction allows the public to understand that the source of the information provided to the FBI came from an FLA without disclosing information that could particularly identify the FLA or the country in which it operates.

### d. Dkt. No. 65 (Decision and Order of 7/30/2021)

As regards Dkt. No. 65, the Court's July 30, 2021 Decision & Order, Defendant presents several objections.

#### 1. "Sections" of the Target Website

The government proposes to redact, from page 7 and 37 of the Decision & Order, language in ¶ 17 of Fallon's affidavit concerning the "sections" of the Target Website. Defendant objects to these redactions, citing the same reasons he argued against redaction of this information in the search warrant application itself.  For the reasons articulated by the Court in relation to the same objection to Agent Fallon's affidavit, this objection is sustained. The government is directed to conform its final redactions of Dkt. No. 65 accordingly.

#### 2. FLA's Description of the Target Website

The government proposes to redact, from page 8 of the Decision & Order, a portion of ¶ 20 of Agent Fallon's affidavit that provided the FLA's description of the Target Website, including its "explicit focus" and account requirement. Defendant objects to this redaction, citing the same reasons he argued against redaction of this information in Agent Fallon's affidavit. For the reasons articulated by the Court in relation to the same objection to Agent Fallon's affidavit, this objection is sustained. The government is directed to conform its final redactions of Dkt. No. 65 accordingly.

### III.   CONCLUSION

Having reviewed the parties' papers for and against continued sealing of documents in this matter, having reviewed the government's most recent proposed redactions, and having considered Defendant's objections to the government's most recent proposed redactions, the Court holds as follows.

Based on the government's concessions, Dkt. No. 44 (Defense Memorandum of Law in Support of Motion to Suppress) and Dkt. No. 55 (Defense Reply Brief) shall be unsealed and shall be filed on the public docket without any redactions.

Regarding documents:

- Dkt. No. 46, Exhibit D (Agent Diggons' 11/18/2019 FD-1057); and

- Dkt. No. 46, Exhibit I (FD-302 of 12/18/2019 summarizing the 12/12/2019 interviews of the defendant),

the government shall prepare final redactions consistent with the most recently presented proposed redactions of these documents, and present the redacted documents to the Clerk of the Court within three (3) business days of this Decision & Order for filing on the public docket.

Regarding documents

- Dkt. No. 45 (Declaration of Defense Attorney Scott Iseman);

- Dkt. No. 46, Exhibit E (Agent Fallon's 12/10/2019 search warrant application and supporting affidavit);

- Dkt. No. 51-1 (Government Memorandum of Law in Opposition to Defendant's Motion to Suppress); and

- Dkt. No. 65 (Decision and Order of 7/30/2021),

the government shall prepare final redactions consistent with this Decision & Order, and present the redacted documents to the Clerk of the Court within three (3) business days of this Decision & Order for filing on the public docket.

**IT IS SO ORDERED**

**Dated:** August 11, 2022

Thomas J. McAvoy
Senior, U.S. District Judge